## West Chicago Street Railroad Company v. Marion Carr.

1. MARRIED WOMEN—*Their Rights and Liabilities.*—Under the laws of this State, a married woman may earn money, which is her own, and for all her contracts, as well as for family expenses, which include medical attendance upon herself and members of her family, she is personally liable.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

CRATTY BROS, JARVIS & CLEVELAND, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In the afternoon, June 30, 1893, the appellee, a middle-aged married woman, was a passenger in an open car of the appellant which was rounding the curve from the west to the north at the intersection of Harrison—an east and west street—with Fifth avenue—a north and south street. At the same time a heavily loaded wagon, going in the opposite direction, was rounding the same curve. Each being on

the right hand—to itself—track of the double track railway, it is obvious that the ends of the wagon, and the middle of the car were, in rounding the curve, each nearer to the track the other was on, than would be the case on parallel straight tracks.

The wagon turned to the right, and while the fore wheels were out of the track, the hind wheels staid in, and "slid" along in the track. This brought the hind end of the wagon still nearer to the other track, and into collision with the middle of the car, and severely injured the appellee. She sued and recovered. The amount of damages can not, on this record, be successfully questioned, unless some error of the court has led to an excess. There was testimony that the wagon was half way around the curve before the car entered upon it, with the hind end of the wagon swung over so as to cut off the passage of the car, and that a by-stander on the sidewalk "hollered at the driver of the street car to let up, and he kept still going along." The question of negligence was thus before the jury.

Objections made to her own testimony and the testimony of her physician as to the condition of her health before and after the injury, the results of the injury, and her declarations of pain, are not such that we should take time and space to answer them. Almost, if not quite, the only serious matter to consider, arises upon the admission of evidence as to the value of the services of her physician in attending her, and the giving of this instruction :

" If you find for the plaintiff, then in fixing the damages which she ought to recover, the jury should take into consideration all the circumstances surrounding the case, so far as these are shown by the evidence, such as the circumstances attending the injury; the loss of time of the plaintiff, if any, occasioned by the injury; the pain she has suffered, if any; the money she has expended or become liable to expend, if any, in endeavoring to be cured of such injury; the business she was engaged in, if any, at the time she was injured, and the extent and duration of the injury, and give the plaintiff such damages as the jury believe from the evi-

dence she has sustained, not exceeding in all the amount claimed in the declaration."

There had been some slight evidence that before her injury she had been engaged in labor additional to her housework, all of which she did, and that since the injury she could not do all of her housework.

Under the law of the State, a married woman may earn money which is her own; for all her contracts, as well as for family expenses, which include medical attendance upon herself and members of her family, she is personally responsible.

To the latter proposition, we cite Cole v. Bentley, 26 Ill. App. 260; Younkin v. Essick, 29 Ib. 575; and Walcott v. Hoffman, 30 Ib. 77.

There is no error, and the judgment is affirmed.