(No. 38786.—                    )
CLARENCE P. GRAUL, Admr., Appellee, *vs.* ALLEN ADRIAN, Appellant.

*Opinion filed March 18, 1965.*

BRADY, DONOVAN & HATCH, of East St. Louis, for appellant.

C. E. HEILGENSTEIN, of Belleville, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Clarence P. Graul sued as administrator of the estate of his minor son, Gerald W. Graul, and individually, in a complaint containing two counts. Count I is an action for wrongful death brought as administrator under the Wrongful Death Act. Count II is an action brought by the father, individually, and as father to recover medical and funeral expenses of the son, incurred by the father as the result of the alleged wrongful act causing the death of his son.

The trial court dismissed count II and entered judgment for defendant on that count. The Appellate Court, Fifth District, reversed and remanded with directions to vacate the order of dismissal and the judgment in favor of defendant. This court granted leave to appeal.

The sole question presented by this appeal is whether a parent may recover, in a separate action, medical and funeral expenses incurred by him for a child whose death occurs as the result of the wrongful act of a third party. An action may be maintained by the personal representative of a deceased for his death under the Wrongful Death Act (Ill. Rev. Stat. 1963, chap. 70, par. 2). No damages are recoverable under that act for pain and suffering of the deceased, nor for medical, hospital or funeral expenses, but the damages are limited to loss of support. *Ohnesorge v. Chicago City Railway Co.* 259 Ill. 424.

We reviewed the law applicable to recovery by a spouse

for medical and funeral expenses incurred by a widow for her husband whose death resulted from the wrongful act of another in *Saunders* v. *Schultz*, 20 Ill.2d 301, and there concluded that there presently is no legally cogent reason to deny recovery in such a case. The rule denying recovery was based upon an archaic common law rule that there could be no recovery for the death of a human being. We there held it legally sound and in accordance with basic negligence principles that the burden of damages should fall not on the innocent victim, but upon the tort-feasor, and allowed recovery by a spouse in a separate cause of action.

The courts of this State have repeatedly held under the provisions of the statute referred to as the family-expense section of the Husband and Wife Act (Ill. Rev. Stat. 1961, chap. 68, par. 15,) that parents are liable for the medical expenses of their minor children. (*Younkin* v. *Essick*, 29 Ill. App. 575; *West Chicago Street Railroad Co.* v. *Carr*, 67 Ill. App. 530; *Shepherd* v. *Marsaglia*, 31 Ill. App. 2d 379.) While the case of *Wright* v. *Royse*, 43 Ill. App. 2d 267, held that there is no obligation upon parents to pay the medical and funeral expenses of a minor child, we do not regard that opinion as having properly passed upon the obligation created by the family-expense section of the Husband and Wife Act. Nor do we see any question but that a parent is liable for medical and funeral expenses of a minor child. The language of that section specifically makes the expenses of the family chargeable upon the property of the husband and wife. Funeral expenses of a minor child are encompassed by this provision as much as medical expenses. Our courts have held funeral expenses are within the meaning of family expenses as between spouses (*Fortner* v. *Norris*, 19 Ill. App. 2d 212), and such necessarily applies as between a minor child and parent.

The recovery for wrongful death under the Wrongful Death Act is based upon pecuniary loss measured by de-

pendency, while the cause of action brought here for recovery of medical and funeral expenses is based upon an out-of-pocket payment for which there was a legal liability. These, by nature and of necessity, are different causes of action. Like the recovery permitted the widow in the *Saunders* case, it is legally sound and in accordance with basic negligence principles that the burden of damages should be placed upon the tort-feasor. The Appellate Court correctly held that count II of this complaint stated a good cause of action for which the law provides a remedy.

The judgment of the Appellate Court reversing and remanding with directions to vacate the order dismissing count II of the complaint and to vacate the judgment entered in favor of the defendant is affirmed.

*Judgment affirmed.*