# Illinois Official Reports

## Supreme Court

---

### *McVey v. M.L.K. Enterprises, LLC*, 2015 IL 118143

---

| | |
|---|---|
| Caption in Supreme Court: | ALMA McVEY, Appellee, v. M.L.K. ENTERPRISES, LLC (Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, Appellant). |
| Docket No. | 118143 |
| Filed | May 21, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Jackson County, the Hon. Christy Solverson, Judge, presiding. |
| Judgment | Appellate court judgment reversed. Circuit court judgment affirmed. |
| Counsel on Appeal | Michael F. Dahlen and Kara L. Jones, of Feirich/Mager/Green/Ryan, and John R. Daly, all of Carbondale, for appellant. |
| | Darrell Dunham, of Carbondale, for appellee. |
| | Anita Alvarez, State's Attorney, of Chicago (Daniel F. Gallagher, Jeffrey S. McCutchan, Kent S. Ray and Lauren B. Klein, Assistant State's Attorneys, of counsel), for *amicus curiae* County of Cook. |
| | William Gregory, of Koth & Gregory, P.C., of Bloomington, *amicus curiae*. |
| | Richard R. King and Sherri DeVito, of Chicago, Adrienne J. Hersh, of Highland Park, and Mark D. Deaton, of Naperville, for *amici curiae* Illinois State Medical Society *et al*. |

Justices                    JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

¶ 1      The sole issue in this health care lien adjudication case is whether under section 10 of the Health Care Services Lien Act (Act) (770 ILCS 23/10 (West 2012)), attorney fees and costs must be deducted from a verdict, judgment, award, settlement, or compromise prior to calculating the amount available for the satisfaction of a health care lien. For the reasons that follow, we hold that under section 10, attorney fees and costs should not be deducted from a plaintiff's total recovery prior to calculating the amount to be awarded for the payment of any health care lien.

¶ 2                                 BACKGROUND

¶ 3      This case arose out of a personal injury lawsuit filed by plaintiff, Alma McVey, in the circuit court of Jackson County for injuries she allegedly sustained on October 9, 2010, after a waitress at a restaurant owned by defendant, M.L.K. Enterprises, LLC, dropped a tray of drinks on her foot. Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, treated plaintiff for the injuries to her foot. Plaintiff ultimately settled the lawsuit with defendant for $7,500.

¶ 4      On April 3, 2013, plaintiff filed a petition to adjudicate liens. The petition identified three lienholders: the hospital, "CACI," and Cape Radiology Group. The hospital was the only one of the three lienholders that appeared at the hearing on the petition. The trial court's order provided that no liens other than the hospital's lien had been properly served upon plaintiff and submitted to the court. It was stipulated that the amount of the hospital's lien was $2,891.64. In addition to attorney fees, plaintiff allegedly incurred litigation costs of $846.66 in securing the settlement.[1]

¶ 5      On June 25, 2013, the trial court entered an order recognizing that under section 10(c) of the Act (770 ILCS 23/10(c) (West 2012)), no individual licensed category of health care professional or health care providers may receive more than one-third of the verdict, judgment, award, settlement, or compromise. Consequently, the hospital in this case could recover no more than $2,500. The trial court ultimately ordered the $7,500 settlement to be distributed as follows:

> "(a) $2,250 to plaintiff's attorney for attorney fees ($7,500 x 30%);
>
> (b) $2,500 to Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale; and
>
> (c) $2,750 to plaintiff."

---

[1]Based upon the trial court's ultimate holding, plaintiff's claim regarding her litigation costs was not considered. Plaintiff asserts in her brief, however, to have incurred $846.66 in total costs.

¶ 6    In making this determination, the trial court acknowledged in its order the Fifth District's decision in *Stanton v. Rea*, 2012 IL App (5th) 110187. The *Stanton* court held that in order to ensure that a plaintiff receives 30% of the judgment as intended by the Act, the computation of the amount available to health care providers should not begin until costs associated with bringing the case to trial and securing payment of the judgment have been deducted from the amount of the original verdict. *Id.* ¶¶ 17-18. The trial court found, however, that *Stanton* was in conflict with section 10 of the Act and this court's decision in *Wendling v. Southern Illinois Hospital Services*, 242 Ill. 2d 261 (2011). Consequently, the trial court refused to deduct the attorney fees and costs prior to calculating the amount available to the hospital.

¶ 7    The appellate court reversed, reasserting and following its previous decision in *Stanton*, holding that section 10 of the Act requires calculations for health care liens to begin after the verdict, judgment, award, settlement, or compromise is reduced by attorney fees and costs. 2014 IL App (5th) 130350-U, ¶ 11. Therefore, the appellate court remanded the matter to the trial court with directions to deduct attorney fees and costs prior to calculating the amount available to the hospital. *Id.* ¶¶ 16-17. The appellate court further directed the trial court to consider whether the litigation costs claimed by plaintiff were proper and recoverable. *Id.* ¶ 16.

¶ 8    The hospital filed a petition for leave to appeal in this court under Supreme Court Rule 315 (Ill. S. Ct. R. 315 (eff. July 1, 2013)), which we allowed. We also allowed the County of Cook; the Illinois State Medical Society, Illinois Hospital Association, Illinois Chiropractic Society; and OSF Healthcare System to file briefs *amici curiae* on behalf of the hospital. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 9                                                    ANALYSIS

¶ 10   No issue is raised by the parties concerning the amount of the distribution of the settlement to plaintiff's attorney. Only the distribution to the hospital is at issue. We are asked to consider whether, under section 10 of the Act, a lien by a health care professional or provider must be calculated, as the hospital contends, based upon a plaintiff's total recovery, or whether, as plaintiff contends, attorney fees and costs are deducted from the award prior to calculating the hospital's lien.

¶ 11   Our framework is a familiar one. The construction of a statute is a question of law, which we review *de novo*. *First American Bank Corp. v. Henry*, 239 Ill. 2d 511, 515 (2011). The primary objective of this court in construing a statute is to ascertain and give effect to the legislature's intent. *In re Donald A.G.*, 221 Ill. 2d 234, 246 (2006). The plain language of a statute is the most reliable indication of the legislature's intent, and, when the language is clear, it must be applied as written without resort to aids or tools of interpretation. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006).

¶ 12   Section 10 of the Act provides, in pertinent part:

"(a) Every health care professional and health care provider that renders any service in the treatment, care, or maintenance of an injured person, except services rendered under the provisions of the Workers' Compensation Act or the Workers' Occupational Diseases Act, shall have a lien upon all claims and causes of action of the injured person for the amount of the health care professional's or health care provider's reasonable charges up to the date of payment of damages to the injured person. The total amount of all liens under this Act, however, shall not exceed 40% of the *verdict,*

- 3 -

*judgment, award, settlement, or compromise* secured by or on behalf of the injured person on his or her claim or right of action.

*** 

(c) All health care professionals and health care providers holding liens under this Act with respect to a particular injured person shall share proportionate amounts within the statutory limitation set forth in subsection (a). The statutory limitations under this Section may be waived or otherwise reduced only by the lienholder. No individual licensed category of health care professional (such as physicians) or health care provider (such as hospitals) as set forth in Section 5, however, may receive more than one-third of the *verdict, judgment, award, settlement, or compromise* secured by or on behalf of the injured person on his or her claim or right of action. If the total amount of all liens under this Act meets or exceeds 40% of the verdict, judgment, award, settlement, or compromise, then:

(1) all the liens of health care professionals shall not exceed 20% of the *verdict, judgment, award, settlement, or compromise*; and

(2) all the liens of health care providers shall not exceed 20% of the *verdict, judgment, award, settlement, or compromise*;

provided, however, that health care services liens shall be satisfied to the extent possible for all health care professionals and health care providers by reallocating the amount unused within the aggregate total limitation of 40% for all health care services liens under this Act; and provided further that the amounts of liens under paragraphs (1) and (2) are subject to the one-third limitation under this subsection.

If the total amount of all liens under this Act meets or exceeds 40% of the *verdict, judgment, award, settlement, or compromise*, the total amount of all the liens of attorneys under the Attorney Lien Act shall not exceed 30% of the verdict, judgment, award, settlement, or compromise" (Emphases added.) 770 ILCS 23/10 (a), (c) (West 2012).

¶ 13    Under the plain language of the Act, a health care provider, such as the hospital in this case, that renders any services in the treatment, care, or maintenance of an injured person "shall have a lien upon all claims and causes of action of the injured person for the amount of the *** health care provider's reasonable charges up to the date of payment of damages to the injured person." 770 ILCS 23/10(a) (West 2012). It is undisputed that the total amount of liens under this section is limited, and "shall not exceed 40% of the verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person on his or her claim or right of action." *Id.* The Act further provides a structure to divide the liens between health care professionals and health care providers. It also permits reallocating the unused amount within the aggregate total limitation of 40% for all health care service liens under the Act. In this case, the hospital was the only health care provider or professional with a lien. Consequently, as the trial court correctly recognized, the hospital could not "receive more than one-third of the verdict, judgment, award, settlement, or compromise." 770 ILCS 23/10(c) (West 2012). As highlighted above, this one-third calculation, and all other calculations contained in section 10, are to be based upon the "verdict, judgment, award, settlement or compromise."

¶ 14    Plaintiff urges us to interpret section 10 consistent with the reasoning of the appellate court below so that attorney fees and costs are deducted before computing the hospital lien. We

- 4 -

decline to do so. Simply put, there is no language in section 10 that would allow the calculation of a health care lien to be based upon the total "verdict, judgment, award, settlement or compromise" less attorney fees and costs. On the contrary, every time the legislature sets forth a percentage limitation in section 10, it refers back to and requires the calculation be based on the "verdict, judgment, award, settlement or compromise." No mention is made of a deduction of any kind. Plaintiff's counsel conceded as much during oral argument when he admitted that there is no express language in section 10 that permits the deduction of attorney fees and costs prior to calculating any health care lien. The Act further provides that "[t]he statutory limitations under this Section may be waived or otherwise reduced *only by the lienholder*," which did not occur here. (Emphasis added.) 770 ILCS 23/10(c) (West 2012). We may not read into the Act, as urged by plaintiff, limiting language that is not expressed by our legislature. See *In re D.L.*, 191 Ill. 2d 1, 9 (2000).

¶ 15 The appellate court opinion in *Wolf v. Toolie*, 2014 IL App (1st) 132243 is instructive and consistent with our holding today. *Wolf* properly concluded that there is nothing in the Act that allows a health care lien to be calculated from the net amount of a plaintiff's verdict, judgment, award, settlement, or compromise, after costs and attorney fees have been deducted. *Id.* ¶ 22. In reaching this determination, the *Wolf* court considered both section 10 of the Act and similar language found in the Attorneys Lien Act. *Id.*

¶ 16 The Attorneys Lien Act provides, in pertinent part:

"§ 1. Attorneys at law shall have a lien upon all claims, demands and causes of action *** for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, *plus costs and expenses.* In the case of a claim, demand, or cause of action with respect to which the total amount of all liens under the Health Care Services Lien Act [770 ILCS 23/1 *et seq.*] meets or exceeds 40% of the sum paid or due the injured person, the total amount of all liens under this [Attorneys Lien] Act shall not exceed 30% of the sum paid or due the injured person." (Emphasis added.) 770 ILCS 5/1 (West 2012).

¶ 17 The *Wolf* court properly recognized that both the Act and the Attorneys Lien Act use the exact same language concerning the percentage limitations for both health care liens and attorney liens. *Wolf*, 2014 IL App (1st) 132243, ¶ 22. If the total amount of the liens under the Act exceeds 40% of the " 'verdict, judgment, award, settlement, or compromise,' " then attorney liens " 'shall not exceed' " 30% of the " 'verdict, judgment, award, settlement, or compromise.' " *Id.* (quoting 770 ILCS 5/1 (West 2012) and 770 ILCS 23/10(c) (West 2012)). The *Wolf* court ultimately concluded correctly that "the consistent use of terminology shows that the legislature intended health care liens and attorney liens to be calculated from the same total [award]." *Id.*

¶ 18 Plaintiff's suggested interpretation would also be inconsistent with our holding in *Wendling*. There, we considered a matter involving hospitals that also filed a lien under section 10 of the Act. *Wendling*, 242 Ill. 2d at 263. After the plaintiffs settled the matter, and filed petitions to adjudicate the liens, they asserted that under the common fund doctrine, their attorneys were entitled to additional attorney fees equal to one-third of the amount of the hospital's liens. *Id.* at 264. The lower courts agreed and concluded that the hospital's share of the recovery should be reduced by one-third to reflect the hospital's share of the legal fees. *Id.*

This court reversed and held that the hospitals were not unjustly enriched by the attorneys' services and therefore were not required to contribute to the costs of litigation. *Id.* at 270. In doing so, we recognized that the plaintiffs' attorneys did not recover the settlement for the benefit of a class but, rather, for the benefit of their clients and did so regardless of the hospitals' interest. *Id.* at 271. Similarly, in this case, plaintiff, by seeking to have her attorney fees and costs subtracted from the total settlement prior to the calculation of the healthcare services lien, is asking us to improperly shift some of her attorney fees and litigation costs onto the hospital.

¶ 19 For the foregoing reasons, we hold that the statutory language in section 10 of the Act is unambiguous and does not permit the deduction of attorney fees and costs prior to calculating the amount to be paid to any health care lienholder. To the extent that *Stanton* held otherwise, it is hereby overruled.

¶ 20 Appellate court judgment reversed.

¶ 21 Circuit court judgment affirmed.