2016 IL App (4th) 150661
NO. 4-15-0661

**FILED**
July 8, 2016
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| MICHAEL L. MERRITT, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| THE DEPARTMENT OF STATE POLICE; LEO | ) | No. 14MR718 |
| SCHMITZ, Director of State Police; and THE | ) | |
| CONCEALED CARRY LICENSE REVIEW BOARD, | ) | Honorable |
| Defendants-Appellants. | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.

Justices Turner and Pope concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Michael L. Merritt, filed a petition in the circuit court of McLean County, seeking judicial review of a decision by the Concealed Carry License Review Board (Board) denying him a license to carry a concealed firearm. Before the circuit court, Merritt and defendants, the Department of State Police, Leo Schmitz (its Director), and the Board, disputed the type of judicial review that court may undertake in considering Merritt's claims. Merritt maintained section 87(a) of the Firearm Concealed Carry Act (Act) (430 ILCS 66/87(a) (West 2014)) authorizes the circuit court to conduct an evidentiary hearing and a *de novo* review of the Board's decision. Defendants disagreed, arguing judicial review is limited by section 87(b) of the Act (430 ILCS 66/87(b) (West 2014)) and the Administrative Review Law (735 ILCS 5/3-

110 (West 2014)).

¶ 2        In June 2015, defendants filed this interlocutory appeal pursuant to Illinois

Supreme Court Rule 308 (eff. Jan. 1, 2015), asking this court to answer the following certified

question:

> "Is the denial of an application for a concealed carry permit
>
> by the [Board] a 'final appealable decision' under subsection 430
>
> [ILCS] 66/87(b) [(West 2014)] and only subject to judicial review
>
> under the provisions of the Administrative Review Law, or may
>
> the the [*sic*] aggrieved party petition the Circuit Court in the
>
> county of his or her residence for a hearing upon the denial,
>
> pursuant to 430 [ILCS] 66/87(a) [(West 2014)] of the [Act]?"

Because of the wording of the question, we cannot choose one of the framed alternatives. Both

subsections apply. An aggrieved party may petition the circuit court for judicial review of the

Board's decision (430 ILCS 66/87(a) (West 2014)), but such review is subject to the provisions

of the Administrative Review Law (430 ILCS 66/87(b) (West 2014)). We remand for further

proceedings.

¶ 3                          I. BACKGROUND

¶ 4        On November 24, 2014, Merritt filed a complaint alleging his application for a

license to carry a concealed firearm was improperly denied. According to the complaint, Merritt

met the requirements for a concealed-carry license and filed an application with the Illinois State

Police. A law enforcement agency objected to Merritt's application, resulting in the matter being

referred to the Board. The Board informed the Illinois State Police it determined Merritt posed a

danger to himself or others or was a threat to public safety. Merritt alleged at no point before the Board's determination was he notified of the objecting agency's identity or the content or nature of the objection.

¶ 5       Merritt asserted he was entitled to a hearing before the circuit court pursuant to section 87(a) of the Act (430 ILCS 66/87(a) (West 2014)). Merritt asked the trial court to reverse the decision of the Board and the Illinois State Police and order the issuance of a license to him to carry a concealed firearm.

¶ 6       Merritt attached copies of the final order of the Board and the October 21, 2014, letter from the Illinois State Police to Merritt, notifying Merritt of the Board's decision. Both state if Merritt intended to appeal the Board's decision, the appeal "must be filed within 35 days of the" order.

¶ 7       Summons for the case was issued on December 2, 2014. The Illinois State Police received summons for this case six days later.

¶ 8       In January 2015, defendants moved to dismiss the complaint. Defendants asserted the Administrative Review Law applied to Merritt's action. Defendants further maintained, in part, Merritt's complaint must be dismissed because Merritt failed to comply with section 3-103 of the Code of Civil Procedure (735 ILCS 5/3-105 (West 2014)), which requires summons to be issued within 35 days of the "final administrative decision" to be reviewed. 735 ILCS 5/3-103 (West 2014). Merritt's response to the motion does not appear in the record. Merritt's position on appeal is, pursuant to section 87(a) of the Act (430 ILCS 66/87(a) (West 2014)), he is statutorily entitled to an evidentiary hearing before the trial court.

¶ 9       In May 2015, the trial court denied the State's motion to dismiss. The record

contains a copy of the written order, which provides no explanation for the basis of the denial.

¶ 10        Defendants filed a motion for interlocutory appeal, asking the trial court to certify a question for interlocutory review under Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015). In July 2015, the trial court certified the previously quoted question for appeal. Defendants filed leave to appeal in August 2015. In October 2015, we granted defendants' request.

¶ 11                              II. ANALYSIS

¶ 12                            A. Standard of Review

¶ 13        We consider *de novo* questions of law certified under Supreme Court Rule 308. *Simmons v. Homatas*, 236 Ill. 2d 459, 466, 925 N.E.2d 1089, 1094 (2010).

¶ 14                           B.  Overview of the Act

¶ 15        An individual seeking a license to carry a concealed weapon must apply in writing to the Illinois State Police or Department of State Police (Department), as defined by the Act (430 ILCS 66/5 (West 2014)); see 430 ILCS 66/10 (West 2014). Within 10 days of receiving the application, the Department must enter the applicant's information into a database accessible to state and federal law enforcement agencies. 430 ILCS 66/10(j) (West 2014). If a law-enforcement agency has "a reasonable suspicion that the applicant is a danger to himself or herself or others, or a threat to public safety," that agency may submit an objection to the application. 430 ILCS 66/15(a) (West 2014). If such an objection is timely filed, the Department must submit the objection and all available information to the Board. *Id.* The Department must also conduct a background investigation of the applicant. 430 ILCS 66/35 (West 2014).

¶ 16        Section 20 of the Act created the Board. 430 ILCS 66/20 (West 2014).

According to section 20, the purpose of the Board is "to consider any objection to an applicant's eligibility to obtain a license under this Act submitted by a law enforcement agency or the Department under Section 15 of this Act." 430 ILCS 66/20(a) (West 2014). The Board consists of seven commissioners, including one commissioner with at least five years of service as a federal judge, two with a minimum of five years' experience as an attorney with the United States Department to Justice, three with five years' experience as a federal agent or employee with investigative experience with one of four listed federal agencies, and one with at least five years' experience as a physician or clinical psychologist with expertise in mental illness. *Id.*

¶ 17 When considering an objection by the Department or law enforcement agency, the Board may request additional information from the law-enforcement agency, the Department, or the applicant. 430 ILCS 66/20(e) (West 2014). The Board may also request testimony. *Id.* If the Board finds by a preponderance of the evidence that the applicant poses a danger to himself or herself or others, or is a threat to public safety, the Board must affirm the objection and notify the Department that the applicant is ineligible for a license. 430 ILCS 66/20(g) (West 2014). Once the Department receives notice the Board has determined the applicant is ineligible for a license, the Department must notify the applicant and provide the grounds for the denial. 430 ILCS 66/10(f) (West 2014). That notice must also inform the applicant of the right to appeal through administrative and judicial review. *Id.*

¶ 18 If the Board has ruled to deny a concealed carry permit to an applicant, the applicant may appeal that decision under section 87 of the Act (430 ILCS 66/87 (West 2014)). Section 87 of the Act provides the following:

"§ 87. Administrative and judicial review.

- 5 -

(a)  Whenever an application for a concealed carry license is denied, whenever the Department fails to act on an application within 90 days of its receipt, or whenever a license is revoked or suspended as provided in this Act, the aggrieved party may appeal to the Director for a hearing upon the denial, revocation, suspension, or failure to act on the application, unless the denial was made by the [Board], in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon the denial.

(b)  All final administrative decisions of the Department or the [Board] under this Act shall be subject to judicial review under the provisions of the Administrative Review Law.  The term 'administrative decision' is defined as in Section 3-101 of the [Administrative Review Law]." *Id.*

Section 3-101 of the Administrative Review Law defines "administrative decision" as follows: "[A]ny decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency."  735 ILCS 5/3-101 (West 2014).

¶ 19                              C. The Interpretation of Section 87

¶ 20           When interpreting a statute, our primary objective is to give effect to the legislature's intent. *McVey v. M.L.K. Enterprises, LLC*, 2015 IL 118143, ¶ 11, 32 N.E.2d 1112. The most reliable indicator of that intent is the language of the statute. *Id.*  Statutory language is

to be given its plain, ordinary, and popularly understood meaning and afforded its fullest meaning. *In re Detention of Lieberman*, 201 Ill. 2d 300, 308, 776 N.E.2d 218, 223 (2002). We read the statutory provisions in concert and harmonize them, avoiding an interpretation rendering part of the statute superfluous. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25, 998 N.E.2d 1227. When statutory language is unambiguous, we must apply the language as written, without looking to other statutory-interpretation tools. *McVey*, 2015 IL 118143, ¶ 11, 32 N.E.2d 1112; see also *In re J.L.*, 236 Ill. 2d 329, 339, 924 N.E.2d 961, 967 (2010).

¶ 21 Merritt contends section 87(a) gives the circuit court jurisdiction to conduct an evidentiary hearing following a decision of the Board denying a petitioner a concealed-carry license. Merritt maintains the legislature intended section 87(a) to permit a circuit court to review *de novo* denials based on a determination the applicant "is a danger to himself or herself or others, or a threat to public safety." 430 ILCS 66/15(a) (West 2014). Merritt further maintains section 87(b) applies to other decisions of the Board. This distinction, according to Merritt, is supported because the Board's decision is not a "final administrative decision[]" to which section 87(b) applies. Instead, he contends, the final administrative decision is the Department's, not the Board's.

¶ 22 In contrast, defendants argue a plain reading of section 87 as a whole establishes an applicant who is denied a license may seek review in a circuit court, but such review must be undertaken pursuant to the Administrative Review Law. According to defendants, section 87(a) provides the steps for review and section 87(b) provides the type of review to which an applicant is entitled.

¶ 23 We agree with defendants. The plain and ordinary meaning of the language in

section 87 establishes the legislature intended the Administrative Review Law to apply to the judicial review of either the Board's decision to deny an application for a concealed-carry license or the Department's decision to deny. In some cases, the Department may deny an application for a concealed carry permit. The applicant may then appeal to the Director, who makes a final decision. However, if a law enforcement agency objects to the issuance of the license, the application goes before the Board and that Board makes the final decision. There are two tracks leading to the same remedy. In section 87(a), the legislature explained the route an applicant must take when his or her application is denied by the Board, telling those applicants they may file a petition in the circuit court for a hearing. 430 ILCS 66/87(a) (West 2014). Section 87(a) does not tell those applicants they are entitled to an evidentiary hearing or *de novo* review. *Id*. Instead, section 87(b) provides the type of hearing to which those applicants are entitled, plainly stating "[*a*]*ll* final administrative decisions of the Department or the [Board] under this Act shall be subject to judicial review under the provisions of the Administrative Review Law." (Emphasis added.) 430 ILCS 66/87(b) (West 2014). The word "all" plainly means all "final administrative decisions of the Department or the [Board]" are subject to review under the Administrative Review Law. *Id*.

¶ 24        Merritt argues other provisions of the Act support a different interpretation. We are not persuaded. In support of his argument section 87(a) creates a separate process for the Board's decision finding an applicant "poses a danger to himself or herself or others, or is a threat to public safety," Merritt maintains that particular Board decision is not a "final administrative decision" to which section 87(b) applies. Merritt acknowledges the Board weighs the evidence to determine whether a preponderance of the evidence establishes the applicant poses a danger to

himself or herself or others, or is a threat to public safety (430 ILCS 66/20(g) (West 2014)), but asserts the Board then notifies the Department of the applicant's eligibility and the Department notifies the applicant of the decision. Merritt contends the Department's decision is the "final administrative decision" to which section 87(b) refers, and the Board's decision falls within section 87(a).

¶ 25        Under section 3-101 of the Administrative Review Law (735 ILCS 5/3-101 (West 2014)), the Board's decision denying an application is a final administrative decision. Section 3-101 defines "[a]dministrative decision" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." *Id.* The Board's sole purpose is to determine the eligibility of concealed-carry-license applicants. See 430 ILCS 66/20(a) (West 2014). The Board receives a case upon an objection by a law enforcement agency to the issuance of a license. See 430 ILCS 66/15(a) (West 2014). The Board then reviews the case and renders a decision. 430 ILCS 66/20(e), (g) (West 2014). In the case where an objection is sustained, the Board informs the Department of its decision. 430 ILCS 66/20(g) (West 2014). The Department then "shall deny the applicant a license" and notify the applicant. 430 ILCS 66/10(f) (West 2014). The final administrative decision that "affects the legal rights, duties or privileges of parties" and "terminates the proceedings before the administrative agency" (735 ILCS 5/3-101 (West 2014)) is the decision by the Board and not the ministerial act of the Department in sending notice to the applicant.

¶ 26        Also in support of his argument section 87(a) applies to denials, Merritt contends section 87(b) applies to other final administrative decisions of the Board, such as the Board's

- 9 -

decisions to request additional information from law enforcement agencies, the Department or the applicant, or to allow testimony (see 430 ILCS 66/20(e) (West 2014)). Merritt contends defendants' interpretation ignores the distinctions between these Board decisions.

¶ 27 Merritt's argument establishes the legislature intended both sections to apply when an applicant seeks to review the Board's decision to deny an application. Section 87(a) applies to the Board's decision denying an application. 430 ILCS 66/87(a) (West 2014). Section 87(b) does the same. The language of section 87(b) specifies the Administrative Review Law applies to "[a]ll final administrative decisions" of the Board and dictates the term "administrative decision" is defined by section 3-101 of the Administrative Review Law (430 ILCS 66/87(b) (West 2014)). The decision to grant or deny a concealed-carry license is the only administrative decision of the Board that "affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2014). Each of the other Board decisions in section 20, such as the Board's ability to require the submission of electronic fingerprints (430 ILCS 66/20(e) (West 2014)) and those specified above, are not "final administrative decisions." None terminate the proceedings. Thus, the only decision of the Board to which section 87(b) applies is the denial of an application. Merritt's proposed interpretation would render section 87(b) meaningless, as that section would apply to no decision of the Board.

¶ 28 Merritt further challenges defendants' interpretation of section 87 by asserting such interpretation creates a situation where an applicant will not learn of the Board's decision in time to comply with the 35-day deadline to file with the circuit court. Merritt states the Board's decisions, with limited exceptions, must be made within 30 days (430 ILCS 66/20(f) (West

- 10 -

2014)), while the Department has 90 days to grant or deny a license (430 ILCS 66/10(e) (West 2014)).

¶ 29		Merritt's argument misstates the law.  An applicant does not have 35 days from the Board's final administrative decision, but 35 days from the service of the final administrative decision.  See 735 ILCS 5/3-103 (West 2014) ("Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***.").  The scenario Merritt presents would not occur under either interpretation of section 87.

¶ 30		Citing section 20(d) of the Act (430 ILCS 66/20(d) (West 2014)), Merritt contends defendants' interpretation is improper because it denies the circuit court access to any information relied upon by the Board in deciding on an objection.  Merritt points to language dictating Board decisions and voting records must be kept confidential and exempt from inspection.  See *id*.

¶ 31		Merritt's argument ignores the final words in the section 20(d): "except upon order of a court."  *Id*.  The Act provides a means by which a party can seek such information if necessary for judicial review.

¶ 32		Merritt last raises the argument the constitutional nature of the right to possess and carry firearms should necessitate giving "this statute the fullest, rather than narrowest, possible meaning to which it is susceptible."  Merritt emphasizes the constitutional right to keep and bear arms and maintains this right cannot be denied without due process of law.  Merritt maintains the process provided in the Act does not provide due process.

- 11 -

¶ 33    We decline Merritt's invitation to consider the applicability of due process requirements when interpreting section 87. The language of section 87 is clear and unambiguous. This court must apply it as written, without employing other tools of statutory interpretation. *McVey*, 2015 IL 118143, ¶ 11, 32 N.E.2d 1112; *J.L.*, 236 Ill. 2d at 339, 924 N.E.2d at 967. In addition, the constitutionality of the Act is not a question certified to us on interlocutory appeal.

¶ 34                              III. CONCLUSION

¶ 35    For the reasons stated, we answer the certified question as permitting judicial review of a decision denying a concealed-carry license by the Board by a circuit court according to the provisions of the Administrative Review Law and remand for further proceedings.

¶ 36    Certified question answered; cause remanded.