# Illinois Official Reports

## Supreme Court

***Manago v. County of Cook*, 2017 IL 121078**

| | |
|---|---|
| Caption in Supreme Court: | AKEEM MANAGO, a Deceased Minor, By and Through April Pritchett, Mother and Next Friend, Appellee, v. THE COUNTY OF COOK, Appellant. |
| Docket No. | 121078 |
| Filed | September 21, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Thomas L. Hogan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Kimberly M. Foxx, State's Attorney, of Chicago (Chaka M. Patterson, Donald J. Pechous, Paul A. Castiglione, James Beligratis, and Sisavanh B. Baker, Assistant State's Attorneys, of counsel), for appellant. |
| | Mark Rouleau, of Rockford, and Robert Montgomery, of Munster, Indiana, for appellee. |
| | Richard R. King, Robert John Kane, and Sherri DeVito, all of Chicago, for *amicus curiae* Illinois State Medical Society. |

Kara L. Jones, of Feirich Mager Green Ryan, and Patrick Brewster, both of Carbondale, for *amicus curiae* Southern Illinois Hospital Services.

Justices                    JUSTICE KILBRIDE delivered the judgment of the court, with opinion.
Chief Justice Karmeier and Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1    The minor plaintiff in this case was injured while riding on the roof of an elevator owned by the Chicago Housing Authority. The public hospital that treated the minor obtained a health care lien on any damage recovery pursuant to the Health Care Services Lien Act (Lien Act) (770 ILCS 23/1 *et seq.* (West 2012)). On the minor's motion, the trial court extinguished the hospital's lien. Cook County appealed on behalf of the hospital. The appellate court ultimately affirmed the trial court's ruling, and Cook County (the County) filed the instant appeal. After applying our rules of statutory construction and examining the Lien Act in light of the Rights of Married Persons Act (Family Expense Act) (750 ILCS 65/15 (West 2012)), we reverse the judgment of the appellate court.

¶ 2                              I. BACKGROUND
¶ 3    Akeem Manago was 12 years old when he was treated at John H. Stroger, Jr., Hospital of Cook County in 2005 for injuries sustained while he was "elevator surfing" on the roof of an elevator owned and operated by the Chicago Housing Authority. Through his mother and next friend, April Pritchett, the minor filed a negligence claim in the Cook County circuit court against the Chicago Housing Authority, H.J. Russell & Company, and A.N.B. Elevator Services, Inc. The complaint that appears to have been litigated and is currently before this court, however, is the minor's second amended complaint. That complaint sought damages for the minor's personal injuries and included an allegation that his mother had "expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligations" but did not include a claim for those expenses. During the pendency of the case, the minor turned 18, and the court granted the defendants' motion to amend the case caption to show the plaintiffs as "Akeem Manago and April Pritchett." No changes were made to the second amended complaint, however.[1] The County filed a notice of lien pursuant to the

---

[1]The plaintiffs' failure to modify the complaint is but one of the numerous procedural anomalies present in this case, as noted in the appellate court decision. 2016 IL App (1st) 121365. The record on appeal is also far from complete. Our review of the portion of the record that was filed reveals a number of other procedural eccentricities. For example, no record exists of any hearing on the hospital's lien filing, although the minor objected to that filing. The transcript of that hearing, if any, is likely

- 2 -

Lien Act (770 ILCS 23/1 *et seq.* (West 2012)) in 2009 on behalf of the hospital for the minor's unpaid medical bills, totaling $79,572.53.

¶ 4        Following a bench trial in 2011, the trial court declined to award any medical expenses, citing Pritchett's failure to prove she was obliged to pay the hospital bill. The plaintiff was awarded $400,000: $250,000 for scarring, $75,000 for pain and suffering, and $75,000 for loss of normal life. His award was reduced to $250,000 after he was found 50% liable. Later, the trial court corrected its arithmetic error, making the final award $200,000. After trial, the trial court granted the plaintiff's motion to strike, dismiss, and extinguish the hospital's lien, and the County filed a timely notice of appeal from that ruling. The plaintiff did not, however, appeal the trial court's failure to award damages for his medical expenses or file a timely appellate brief before the appellate court's initial judgment was entered in the County's appeal (*Manago I*).

¶ 5        In *Manago I*, a majority of the appellate court found the cases cited by the plaintiff in the circuit court were inapposite because they either rejected insurers' subrogation liens against minors or merely held parents liable for their children's medical expenses under section 15 of the Family Expense Act (750 ILCS 65/15 (West 2012)). Instead, the majority decided to reinstate the hospital's lien and remand for further proceedings based on *In re Estate of Cooper*, 125 Ill. 2d 363 (1988), and *In re Estate of Enloe*, 109 Ill. App. 3d 1089 (1982). Justice Gordon filed a dissent arguing that the opinion conflicted with established Illinois case law and public policy.

¶ 6        The plaintiff filed a motion for reconsideration and, for the first time, submitted written briefs.[2] The appellate court granted the motion, set a supplemental briefing schedule, and heard oral argument. Later, the court withdrew its prior opinion and reversed course in *Manago II* (2016 IL App (1st) 121365), affirming the trial court's decision to strike, dismiss, and extinguish the hospital's statutory lien. The majority concluded the lien was invalid because (1) Pritchett did not assign her cause of action for medical expenses to her son even though, pursuant to the Family Expense Act, that action belonged solely to the minor's parents, and (2) under the Lien Act, liens may attach only to recoveries for medical expenses, and here no medical expenses were awarded. The opinion also noted the "tension" between the Lien Act and the Family Expense Act because, despite sharing the common purpose of protecting creditors, they offered widely differing remedies. 2016 IL App (1st) 121365, ¶ 37. The appellate court also distinguished *Enloe*, a case it relied on in *Manago I*, and instead applied case law it had previously rejected. 2016 IL App (1st) 121365, ¶¶ 33-37, 47.

¶ 7        Justice Gordon filed a special concurrence that acknowledged a conflict between the majority's reading of the Lien Act and its plain statutory language. 2016 IL App (1st) 121365, ¶¶ 54-60 (Gordon, J., specially concurring). Justice Lampkin dissented, arguing that both the breadth of the legislature's plain and unambiguous language and the absence of any express limitation in the Lien Act in cases involving minors necessarily lead to the conclusion that the

contained in one of the three transcript volumes not before this court. Fortunately, we need not address any of those matters further because they are not included in the parties' arguments and do not appear to alter our analysis of the issues directly raised in this appeal.

[2]On January 27, 2015, the appellate court granted Pritchett's "motion to suggest the death of" her son due to causes unrelated to this case and to appoint her special administrator of his estate for purposes of this appeal.

Lien Act and the Family Expense Act provided alternative, not conflicting, remedies to hospitals seeking reimbursement for unpaid medical expenses. 2016 IL App (1st) 121365, ¶¶ 70-74 (Lampkin, J., dissenting).

¶ 8    This court allowed the County's petition for leave to appeal on behalf of the hospital pursuant to Illinois Supreme Court Rule 315(a) (eff. Jan. 1, 2015) and permitted Southern Illinois Hospital Services and the Illinois State Medical Society to file *amicus curiae* briefs in support of the County (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)).

¶ 9                                    II. ANALYSIS

¶ 10   The disposition of this appeal hinges on our construction of the Lien Act (770 ILCS 23/1 *et seq.* (West 2012)) in light of the Family Expense Act (750 ILCS 65/15 (West 2012)). Because the construction of a statute presents a question of law, we review the underlying judgment *de novo*. In construing a statute, our goal is to effectuate the intent of the legislature, with the plain and unambiguous language enacted providing the most reliable indicator of that intent. Whenever possible, courts must enforce clear and unambiguous statutory language as written, without reading in unstated exceptions, conditions, or limitations. *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶¶ 16-17. Before we construe the statutes at issue here, however, we first consider a claim that is referenced throughout the plaintiff's argument.

¶ 11   The plaintiff asserts that this court must consider the "competing and conflicting public policies involved in the resolution of this case." The essence of his contention is the alleged unfairness of subjecting a minor's tort recovery to a health care provider's lien for the minor's medical expenses even though the minor is barred from obtaining those damages from the tortfeasor. He also contends that allowing the lien in this case would undermine courts' duties to protect the interests of minors and to provide full and fair compensation for tortious injuries. An examination of the merits of those arguments requires us to identify and weigh the public policies behind both the Lien Act and the Family Expense Act.

¶ 12   We have long recognized that the Lien Act was enacted "to promote the health, safety, comfort, or well-being of the community" by providing medical care for the poor, thus reducing the financial burden on hospitals treating accident victims unable to pay for their own care and treatment. *In re Estate of Cooper*, 125 Ill. 2d at 368-69. In contrast, the Family Expense Act codifies the common-law rule making parents liable for the expenses of their minor children. *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 51. Although, as the plaintiff contends, both statutes undoubtedly inure to the benefit of creditors, their underlying public policy objectives are plainly quite distinct.

¶ 13   The legislative concerns that led to the enactment of the Lien Act and the Family Expenses Act are long-standing and diverse. This court is not tasked with evaluating and setting public policy, however (*Clark*, 2011 IL 108656, ¶ 79); that job is reserved for our duly elected legislature (*Blumenthal v. Brewer*, 2016 IL 118781, ¶ 80). Indeed, we lack any objective standards or procedures to assist us in weighing the relative merits of such widely divergent public policy interests. The legislature alone possesses the necessary investigative and fact-finding abilities. *Blumenthal*, 2016 IL 118781, ¶ 77.

¶ 14   Our duty in this case is properly limited to determining the intent of the legislature based on the plain and unambiguous statutory language and construing the relevant statutes consistent with that intent. *Carlson*, 2016 IL 120544, ¶ 17. If we do not adhere to that limitation, we

- 4 -

" 'run[ ] the risk of implementing [our] own notions of optimal public policy and effectively becoming a legislature. Interpreting legislation to mean something other than what it clearly says is a measure of last resort, to avoid "great injustice" or an outcome that could be characterized, without exaggeration, as an absurdity and an utter frustration of the apparent purpose of the legislation.' " *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 39 (quoting *Dusthimer v. Board of Trustees of the University of Illinois*, 368 Ill. App. 3d 159, 168-69 (2006)).

Applying the plain and unambiguous statutory language here neither creates a great injustice or clear absurdity nor utterly frustrates the legislature's intent. Therefore, we decline the invitation to look outside the plain and unambiguous statutory language to weigh the merits of the allegedly competing public policy interests underlying the Lien Act and the Family Expense Act. Instead, we will construe the statutory provisions at issue by strictly adhering to our well-established rules of construction.[3]

¶ 15    In relevant part, section 10 of the Lien Act provides that

"(a) [e]very *** health care provider that renders any service in the treatment, care, or maintenance of an injured person *** shall have a lien upon all claims and causes of action of the injured person for the amount of the *** health care provider's reasonable charges up to the date of payment of damages to the injured person. The total amount of all liens under this Act, however, shall not exceed 40% of the verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person on his or her claim or right of action.

***

(c) *** The statutory limitations under this Section may be waived or otherwise reduced only by the lienholder. No individual licensed category of health care professional *** or health care provider ***, however, may receive more than one-third of the verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person on his or her claim or right of action. If the total amount of all liens under this Act meets or exceeds 40% of the verdict, judgment, award, settlement, or compromise, then:

(1) all the liens of health care professionals shall not exceed 20% of the verdict, judgment, award, settlement, or compromise; and

(2) all the liens of health care providers shall not exceed 20% of the verdict, judgment, award, settlement, or compromise;

***

If the total amount of all liens under this Act meets or exceeds 40% of the verdict, judgment, award, settlement, or compromise, the total amount of all the liens *** under the Attorneys Lien Act shall not exceed 30% of the verdict, judgment, award, settlement, or compromise." 770 ILCS 23/10 (West 2012).

Section 20 of the Lien Act states:

---

[3]If, however, our construction of the relevant statutory language does not comport with the legislature's original intent, we encourage it to use its policy-making authority to consider an amendment to the Lien Act.

"The lien of a *** health care provider under this Act shall, from and after the time of the service of the lien notice, attach to any verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person. If the verdict, judgment, award, settlement, or compromise is to be paid over time by means of an annuity or otherwise, any lien under this Act shall be satisfied *** before the establishment of the annuity or other extended payment mechanism." 770 ILCS 23/20 (West 2012).

Finally, the relevant portion of the Family Expense Act provides that

"[t]he expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." 750 ILCS 65/15(a)(1) (West 2012).

¶ 16    In *Manago II*, the appellate court examined the interaction between the Lien Act and the Family Expense Act. Because the obligation to pay medical expenses pursuant to the Family Expense Act is imposed only on an injured minor's parent, the court interpreted the Lien Act's use of the term "injured person" to refer to either the injured minor or the child's parent. 2016 IL App (1st) 121365, ¶ 37. Without the assignment of a parent's cause of action for medical expenses, an injured minor's damage award could not be subject to a health care lien. 2016 IL App (1st) 121365, ¶ 51. The appellate court also concluded that a health care lien applies only to recoveries for medical expenses because it attaches to " 'all claims and causes of action of the injured person' " only " 'for the amount of the *** health care provider's reasonable charges up to the date of payment of damages to the injured person.' " 2016 IL App (1st) 121365, ¶ 48 (quoting 770 ILCS 23/10(a) (West 2004)). Because no medical expenses were awarded here, the court held that "there can be no lien." 2016 IL App (1st) 121365, ¶ 48. The plaintiff reiterates those arguments before this court.

¶ 17    The County counters that the appellate court's attempt to harmonize the Lien Act and the Family Expense Act violates our rules of statutory construction by improperly adding conditions and exceptions to the Lien Act's clear and unambiguous terms and relies on irrelevant case law. We agree.

¶ 18    The Lien Act states that a hospital "shall have a lien upon *all claims and causes of action of the injured person*" and that the lien "shall *** attach to *any verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person*." (Emphases added.) 770 ILCS 23/10(a), 20 (West 2012). The language used is plain, unambiguous, and expansive. Contrary to the appellate court's conclusion, the age of the injured person is not a factor in determining whether a lien attaches. Instead, the statute creates "a type of property interest in *any assets constituting the [plaintiff's] recovery*, because a lien is a property interest." (Emphasis added.) *In re Estate of Cooper*, 125 Ill. 2d at 369.

¶ 19    The pool of resources subject to attachment is, in turn, broadly and repeatedly defined to include any "verdict, judgment, award, settlement, or compromise secured by or on the behalf of the injured person." 770 ILCS 23/10, 20 (West 2012). Indeed, "every time the legislature sets forth a percentage limitation in section 10, it refers back to and requires the calculation be based on the 'verdict, judgment, award, settlement or compromise.' No mention is made of a deduction of any kind." *McVey v. M.L.K. Enterprises, LLC*, 2015 IL 118143, ¶ 14 (quoting 770 ILCS 23/10(c) (West 2012)). The limitations added by the appellate court clearly conflict with the plain statutory language enacted.

¶ 20    This is not the first time we have refused to read limiting language into the Lien Act. In *McVey*, the trial court did not deduct an injured plaintiff's attorney fees and costs before calculating the hospital's lien after analyzing the plain language of the Lien Act and this court's decision in *Wendling v. Southern Illinois Hospital Services*, 242 Ill. 2d 261 (2011). The appellate court reversed, relying on prior appellate case law holding that, to ensure the plaintiff received the mandated 30% of the final judgment, the health care lien applied only to the net sum after deducting attorney fees and costs. *McVey*, 2015 IL 118143, ¶¶ 6-7.

¶ 21    After closely examining the plain language of the Lien Act, this court reversed the appellate judgment, concluding that "no express language in section 10 *** would allow the calculation of a health care lien to be based upon the total 'verdict, judgment, award, settlement or compromise' less attorney fees and costs." *McVey*, 2015 IL 118143, ¶ 14. Without any statutory basis for a preliminary deduction, we rejected the appellate court's decision to read an unexpressed limitation into the Lien Act's unambiguous language. *McVey*, 2015 IL 118143, ¶ 19.

¶ 22    Just as the Lien Act does not hint at any preliminary deduction for attorney fees and costs, it also does not suggest that the "verdict, judgment, award, settlement, or compromise" belonging to a minor cannot be subject to attachment. Similarly, it does not condition the availability of a lien on an award of medical expenses. The plaintiff cites no evidence suggesting that the omission of either condition was mere legislative oversight. If the legislature intended to create either restriction, it could have readily done so. The inclusion of a provision making the lienholder the *only* entity able to "waive[ ] or otherwise reduce[ ]" the statute's express limitations further refutes any claim that the legislature intended to create additional limitations on the application of the lien. 770 ILCS 23/10(c) (West 2012); see also *McVey*, 2015 IL 118143, ¶ 14 (noting that "[t]he [Lien] Act further provides that '[t]he statutory limitations under this Section may be waived or otherwise reduced *only by the lienholder*,' which did not occur here" (emphasis in original) (quoting 770 ILCS 23/10(c) (West 2012))).

¶ 23    Consistent with our analysis in *McVey*, we conclude the plain and unambiguous language of the Lien Act controls the outcome of this appeal. Nothing in that language precludes a lien from attaching to a damage award recovered by or on behalf of an injured minor or limits the lien's potential funding sources to sums earmarked for medical expenses.

¶ 24    In reaching the contrary conclusion in *Manago II*, the appellate court erred by adding new conditions and limitations to the Lien Act's plain and unambiguous language in its attempt to harmonize the two statutes. Nothing in the statutes, however, requires the introduction of new terms to read them "in harmony." See 2016 IL App (1st) 121365, ¶ 39 (stating "[h]ere, we look at the [Lien] Act and the family expenses statute in harmony so that the goal of the legislature can be accomplished"). Contrary to the appellate court's conclusion, the terms of the two statutes do not conflict. The plain statutory language of each may be applied independently to effectuate the clear intent of the legislature. The addition of new conditions to create consistency is both unwise and unnecessary because the statutes were never inconsistent.

¶ 25    Nonetheless, the plaintiff contends a health care lien cannot attach to a minor's tort recovery in the absence of an assignment of the parent's cause of action for medical expenses owed under the Family Expense Act because the obligation to pay a child's medical expenses belongs solely to the parent. In support, he cites the decisions in *Graul v. Adrian*, 32 Ill. 2d 345,

347 (1965), *Bibby v. Meyer*, 60 Ill. App. 2d 156, 163 (1965), and *Kennedy v. Kiss*, 89 Ill. App. 3d 890, 894 (1980). The plaintiff's reliance on those decisions is misplaced, however, as a brief examination of each of those cases shows.

¶ 26 In *Graul*, a father filed a two-count complaint, seeking damages for his son's wrongful death as the administrator of his son's estate in one count and recovery for his son's associated medical and funeral expenses in the father's individual capacity in the other. The father appealed the dismissal of his individual cause of action, and the appellate court reversed and reinstated that count. The defendant appealed to this court, where "[t]he sole question presented *** [was] whether a parent may recover, in a separate action, medical and funeral expenses incurred by him for a child whose death occurs as the result of the wrongful act of a third party." *Graul*, 32 Ill. 2d at 346. In affirming the appellate court's reinstatement of the father's individual cause of action, we relied on language in the Family Expense Act making parents liable for the medical and funeral expenses of their minor children. We concluded that reinstating the father's count for those expenses was consistent with the fundamental negligence principle that tortfeasors should bear the burden of paying any damages caused by their negligent acts. *Graul*, 32 Ill. 2d at 347-48.

¶ 27 The appellate court decided *Bibby* shortly after our decision in *Graul*. In *Bibby*, the minor plaintiff was injured when his mother's car was struck by the defendant's car. In a settlement agreement, both the minor and his mother released the defendant from all liability. While that settlement was pending approval in the probate court, however, the minor filed a separate tort complaint. In that complaint, he attempted to plead and prove the medical expenses incurred due to his injuries. Because the defendant did not contest the plaintiff's right to seek a recovery for his injuries, the trial court addressed the merits of the minor's medical expense claim. The trial court found that the claim rightfully belonged to the minor's mother and refused to admit the minor's medical expense evidence because the mother's release bound the minor as well. The minor appealed. *Bibby*, 60 Ill. App. 2d at 157-58. Relying on *Graul*, the appellate court affirmed, barring the minor from attempting to show his medical expenses because that claim belonged exclusively to his mother and she had already released the defendant from all liability. *Bibby*, 60 Ill. App. 2d at 163.

¶ 28 More recently, the minor in *Kennedy* recovered damages for medical expenses resulting from injuries suffered when she was struck by the defendant's car while crossing a busy highway alone. On appeal, the defendant argued that the child needed to allege and prove her parents' lack of contributory negligence because they had assigned their right to recover for her medical expenses to her. *Kennedy*, 89 Ill. App. 3d at 891-92, 894. Noting that a parent's right to recover a minor child's medical expenses is based on the parent's payment obligation, the appellate court agreed with the defendant. Reversing and remanding the cause of action for a new trial, the court explained that a minor who has been assigned a parent's cause of action remains subject to any defense that could have been raised against the parent, including contributory negligence. *Kennedy*, 89 Ill. App. 3d at 894-95 (citing *Bibby*, 60 Ill. App. 2d 156).

¶ 29 After reviewing the decisions in *Graul*, *Bibby*, and *Kennedy*, we conclude that those factual scenarios and legal questions are unlike the ones currently before us. *Graul* held that a parent could seek recovery for a deceased child's medical and funeral expenses based on the parental liability created in the Family Expense Act. Here, however, that fundamental proposition is not at issue. Although it is undoubtedly true that, absent an assignment of rights, parents have the

exclusive right to seek recovery from a tortfeasor for their minor children's medical expenses, that conclusion does not affect the critical question here: whether, in the absence of a parental assignment, a statutory health care lien may attach to a minor's tort recovery where that recovery does not explicitly include expenses for the minor's medical care and treatment.

¶ 30    The decisions in *Bibby* and *Kennedy* shed light on a question that grew out of our analysis in *Graul*: how does a parent's assignment of the exclusive right to seek recovery for medical expenses impact the child's original tort action? Those decisions stand for the unsurprising proposition that if an assignment of rights has been made, the minor-assignee steps into the shoes of the parent-assignor, thereby becoming subject to the same limitations and conditions that the parent would have faced. Here, however, no assignment of rights was ever made, and the legal issue addresses the propriety of a third party's claim on the minor's postjudgment recovery, not the underlying tort action. *Graul*, *Bibby*, and *Kennedy* fail to provide us with any additional guidance in construing the interplay between the Lien Act and the Family Expense Act in this case.

¶ 31    The plaintiff also raises several subrogation lien cases cited by the appellate court in *Manago II*. Those cases relied on *Graul* to bar the enforcement of an insurer's subrogation lien against the recovery obtained by a minor's estate. 2016 IL App (1st) 121365, ¶ 35 (citing *Estate of Aimone v. State of Illinois Health Benefit Plan/Equicor*, 248 Ill. App. 3d 882, 883-84 (1993), *Kelleher v. Hood*, 238 Ill. App. 3d 842, 849 (1992), *In re Estate of Hammond*, 141 Ill. App. 3d 963, 965 (1986), and *Estate of Woodring v. Liberty Mutual Fire Insurance Co.*, 71 Ill. App. 3d 158, 160 (1979)). Before this court, the plaintiff asserts that "the underpinnings of those cases *** was the rule that minors are not liable for their medical bills ***. That basic premise exists regardless of the fact scenario in which it is applied, and that premise is dispositive here." We disagree with the ultimate conclusion drawn by the plaintiff for the same reason we decline to apply that rationale from *Graul*, *Bibby*, and *Kennedy*. We also note that the outcome in subrogation cases necessarily depends on the wording of the specific contractual provisions at issue, while the language of the Lien Act is unwavering and differs significantly from those types of provisions. In fact, one of the cases cited by the plaintiff (*Enloe*, 109 Ill. App. 3d 1089) distinguished subrogation cases from a Lien Act case for that very reason. *Aimone*, 248 Ill. App. 3d at 884.

¶ 32    In *Enloe*, a newborn was hospitalized for injuries she sustained as a passenger in a pickup truck that rolled over. While her father sought approval of the minor's settlement agreement with the owner of the truck, the treating hospital requested a lien under the Lien Act. The trial court approved the settlement but declined to consider the lien's validity. *Enloe*, 109 Ill. App. 3d at 1090. On appeal, the minor argued that the lien could not be applied to her recovery because, under the Family Expense Act, her parents were solely responsible for paying her medical expenses. The appellate court rejected that argument and concluded instead that the Lien Act and the Family Expense Act offered alternative remedies for creditors. The court explained that if the Family Expense Act were intended to be a creditor's only remedy, then it would have expressly stated that the minor's expenses "shall be charged" to the parents rather than making them merely "chargeable" to the parents. *Enloe*, 109 Ill. App. 3d at 1091-92.

¶ 33    Because it is consistent with our well-established rules of statutory construction, we agree with the appellate court's conclusion in *Enloe*. As that decision correctly recognized, there is no inherent conflict between the application of the Family Expense Act and the Lien Act. The

two statutes can easily coexist simply by adhering to the plain meaning of the unambiguous language enacted by the legislature. Giving the statutes their plain and ordinary meaning, creditors may seek a remedy under either or both statutes in the appropriate case. None of the cases cited by the plaintiff or the appellate court undermine our decision to rely on our established rules of statutory construction here. Without clear evidence of a contrary legislative intent, we are precluded from adding unstated exceptions, conditions, or limitations to the language of a statute. The plain statutory language enacted by the legislature remains the best indicator of legislative intent. *Carlson*, 2016 IL 120544, ¶¶ 16-17. By straying from those basic rules of statutory construction, the appellate court erred in *Manago II*. Here, nothing in the Lien Act's broad language suggests that its application is limited by either the age of the injured plaintiff or the Family Expense Act's parental liability provision.

¶ 34                                    III. CONCLUSION

¶ 35        Applying our established rules of statutory construction to construe the statutes at issue, we hold that John H. Stroger, Jr., Hospital was entitled to a health care lien in this case, pursuant to the Lien Act. We reverse the judgments of the circuit and appellate courts and remand the cause to the trial court for further proceedings.

¶ 36        Reversed and remanded.