*In re* ESTATE OF ORAN K. HAWLEY, Deceased (Edna Hawley, Petitioner-Appellee, v. Richard Gregory, Respondent-Appellant.)

Fifth District   No. 5—88—0136

Opinion filed May 3, 1989.

James O. Beavers and Edward T. Graham, Jr., both of Hershey, Bliss, Beavers & Periard, of Taylorville, for appellant.

Robert W. Ohlsen, of Walden, Cole, Ohlsen & Coryell, of Decatur, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Petitioner brought this action in the circuit court of Christian County seeking removal of Richard Gregory as trustee of a testamentary trust. After trial the court entered an order removing Gregory as trustee.

Oran K. Hawley died on August 31, 1986, naming in his will his nephew, Richard Gregory, to serve as executor. Hawley's will provided for the payment of all funeral expenses and the bequest of household furnishings and personal car to the decedent's surviving spouse, Edna Hawley. The will further directed that the balance of the residual estate be converted to cash, $300,000 of which was bequeathed to Richard Gregory in trust for the purposes set forth in the will, and the remainder distributed equally to the decedent's nephew, Richard Gregory, the decedent's niece, Patricia Ann Turnbull, the decedent's sister, Maribell Hawley, and the remaining one-fourth to certain other named relatives. Edna Hawley was to receive all net income from the trust estate during her lifetime and upon her death the principal was to be distributed equally to Richard Gregory, Patricia Ann Turnbull, and Maribell Hawley.

Oran Hawley's estate included 194 units of Insured Municipal Income Trust (IMIT) certificates and three tracts of farmland, one of which consisted of Hawley's residence, several farm buildings and other improvements, and related acreage. After Oran Hawley's death, Richard Gregory made arrangements with Haldon Burgener, a licensed auctioneer, to sell the real estate at a public auction on November 6, 1986. The executor's son, Jeffrey Gregory, an associate auctioneer in Burgener's employ, purchased the tracts of farmland containing the Hawley residence for $95,000, and Richard Gregory, as trustee, purchased the other two for $156,283, although the trust had no money at the time. According to the terms of the sale, Richard Gregory was to pay 10% of the sale price at the close of bidding and agree in writing to pay the balance in 30 days. The down payments were not made and the sales not finalized until February 17, 1987, at which time the price was paid in full.

In his capacity as executor, Richard Gregory sold the IMIT certificates in early December 1986 for $208,241.49, depositing $185,935.95 in the executor's account and the remainder in the trustee's account. The amount deposited in the executor's account was subsequently transferred to the trustee's account and used to satisfy the trust's commitment to purchase the land from the estate. Richard Gregory thereafter leased the farmland acquired in trust to Jeffrey Gregory, who was at the time a 21-year-old college student at the University of Illinois.

The trial court entered an order removing Richard Gregory as trustee, finding that in purchasing the farmland and renting it to his son, he was not acting in the best interest of the trust income beneficiary, but was utilizing the trust in such a way as to benefit himself

and his son, and to cast doubt as to whether his actions were self-serving or for the trust. The trial court further found that while the purchase of the farmland was within the trustee's broad powers, when these powers were used in a way such that the trustee and his family would be materially benefited, and when the beneficiary's income could be affected by the business dealing between the trustee and his son, the ability of the trustee to faithfully perform his fiduciary duties was compromised.

The trial court also found that evidence suggested that a fair price was paid for the land, that the rental agreement entered into was common in the area, that the anticipated rate of return was not unreasonable, and that no evidence was presented which would support any allegation of waste to the trust or loss of income to the beneficiary.

On appeal, Gregory argues that there was no evidence in the record to support the trial court's finding that he exercised his powers as trustee in such a way to materially benefit himself or his family. While he acknowledges that the lease of the trust farmland to his son gives the appearance of impropriety, Gregory maintains that because there is no evidence of waste to the trust property or loss of income to the beneficiary, there was no benefit to either him or his son. Further, Gregory argues, even if profit or advantage was obtained, it was not the result of bad faith and his removal as trustee was therefore not warranted. At most, he argues, he should be required to account for any such profit or advantage.

It is a well-settled rule of law in this State that a trustee may not engage in any form of self-dealing with the trust (*In re Will of Gleeson* (1955), 5 Ill. App. 2d 61, 124 N.E.2d 624) or place himself in a position where his interests conflict with those of the trust beneficiaries (*Campbell v. Albers* (1942), 313 Ill. App. 152, 39 N.E.2d 672). Gregory correctly points out that there is a well-recognized exception to this rule. Where the instrument creating the trust expressly contemplates, creates, and sanctions a conflict of interest, it may be permitted to exist. (*Conant v. Lansden* (1950), 341 Ill. App. 488, 94 N.E.2d 594.) For that reason, it was permissible for Gregory to be both trustee of the trust and executor of the Hawley estate. That exception does not, however, permit the conflict of interest created by Gregory when he leased trust property to his son. There is no evidence at all which would support an argument that the trust instrument sanctioned such a conflict of interest, and Gregory's argument that the decedent would have approved is pure conjecture.

As a fiduciary, a trustee has a duty to act with the utmost

good faith and the highest degree of fidelity toward the trust beneficiaries (*Wallace v. Malooly* (1954), 4 Ill. 2d 86, 122 N.E.2d 275), and while there are no allegations against Gregory of any bad faith or wrongdoing, the duty of a trustee is such that it will suffer not the remotest possibility of a conflict of interest, nor the faintest appearance of impropriety. Gregory has placed himself in a position where, because of his relationship with his son, his responsibility to the income beneficiary could be compromised. Because the potential conflict of interest is a continuing one, we do not find that the trial court abused its discretion in removing Gregory as trustee.

The judgment of the circuit court of Christian County is affirmed.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.