2017 IL App (3d) 170023

Order filed December 1, 2017
Modified upon denial of rehearing March 22, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2017

| | | |
|---|---|---|
| *In re* ESTATE OF ETHEL MARIE PRYOR, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Deceased | ) | Peoria County, Illinois, |
| | ) | |
| (Kathy Ralph, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Appeal No. 3-17-0023 |
| | ) | Circuit No. 13-P-54 |
| v. | ) | |
| | ) | |
| Michael Pryor, | ) | Honorable |
| | ) | Katherine Gorman Hubler, |
| Respondent-Appellee). | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justice Lytton concurred in the judgment and opinion.
Justice O'Brien dissented, with opinion.

**OPINION**

¶ 1     Kathy Ralph (petitioner) appeals from the trial court's decision denying her request for the appointment of a special representative for decedent's estate.

FACTS

¶ 3        The decedent, Ethel Marie Pryor, died on September 3, 2012, at age 86. On March 5, 2013, the circuit court issued an order appointing Michael Pryor as legal representative of the decedent's estate.

¶ 4        On February 11, 2015, petitioner filed a declaratory judgment action related to decedent's estate pursuant to section 2-701 of the Code of Civil Procedure (Code). 735 ILCS 5/2-701 (West 2014). The complaint seeking declaratory relief alleged that the decedent executed an original living trust, dated June 3, 2005; an amendment to the original living trust, dated February 13, 2009; the decedent's last will and testament, dated February 13, 2009; a second amendment to the original living trust, dated July 11, 2012; and a third amendment to the original living trust, dated August 13, 2012. The complaint alleged that all of the documents were prepared by the Rochford law firm, with the exception of a second amendment to the original living trust that was prepared by the Harrod law firm. The complaint designated Michael Pryor, Todd Pryor, Deloris Nieukirk, and James Rochford as defendants and estimated the value of the estate assets to be $844,288, which included shares of Caterpillar, Inc. stock. The complaint alleged petitioner had standing to request a declaration from the court regarding which of the four trust documents should be used to distribute the trust assets.

¶ 5        On October 22, 2015, a copy of the last will and testament of Ethel Marie Pryor, dated February 13, 2009, was filed with the trial court. The will left the residue of Ethel Pryor's property to "The Ethel Marie Pryor Family Trust, dated February 13, 2009." The record contains a document titled, "Amendment to the Ethel Marie Pryor Revocable Living Trust Agreement," dated February 13, 2009, but does not contain a copy of the document referenced in the will as "The Ethel Marie Pryor Family Trust, dated February 13, 2009."

¶ 6    On December 9, 2015, petitioner filed a motion to appoint a special administrator of the estate pursuant to section 8-1(e) of the Probate Act of 1975 (Probate Act). 755 ILCS 5/8-1(e) (West 2014). In paragraph 13 of her motion, petitioner stated as follows:

"In this case, the actual Will is not being contested; rather, the Petitioner/Plaintiff seeks to have the court validate the Trust document that will become the instrument used to distribute the Estate of the decedent. There is an Original Trust, and three Amendments to the Trust. It is not established which is the proper instrument to distribute the estate, and there is no document that has been admitted to probate, either the Will or any of the Trusts, the original or the three amendments to the Original Trust."

Petitioner asked the trial court to appoint a special administrator to "act in the matters pending before the Court, including [the] Petition for Declaratory Judgment to determine the proper instrument of distribution of the assets of the Estate of Ethel M. Pryor, deceased."

¶ 7    Both the estate and the respondent, Michael Pryor, filed separate responses, asking the court to deny the motion to appoint a special administrator pursuant to section 8-1(e) of the Probate Act, because this provision pertains to will contests under the Probate Act and petitioner's motion to appoint a special representative to act in the pending declaratory action conceded the decedent's will was not being contested by petitioner.

¶ 8    On March 18, 2016, petitioner filed an amended motion to appoint a special administrator of the estate pursuant to section 8-1(e) of the Probate Act. In a brief filed in support of petitioner's amended motion on September 19, 2016, petitioner clarified that she sought the appointment of a "special representative," as opposed to a "special administrator." On

September 23, 2016, the trial court issued an order denying petitioner's amended motion to appoint a special representative.

¶ 9       On December 8, 2016, the trial court issued an order that denied petitioner's motion to reconsider her request for the appointment of a special representative to file a complaint in declaratory judgment pursuant to section 2-701(a) of the Code (735 ILCS 5/2-701(a) (West 2016)) and included Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) language.

¶ 10                                                   ANALYSIS

¶ 11       The single issue before this court involves the propriety of the trial court's denial of petitioner's request for the appointment of a special administrator, later amended to request a special representative, to act in the matters pending before the court, including the petition for declaratory judgment to determine the proper instrument for distribution of the decedent's assets. The statutory authority that petitioner cited in the trial court, when seeking the appointment of a special representative, is section 8-1(e) of the Probate Act. 755 ILCS 5/8-1(e) (West 2016). On appeal, we must decide whether the trial court made the correct decision by refusing to appoint a special representative to act in the declaratory action initiated by petitioner.

¶ 12       The question of the proper statutory interpretation of section 8-1(e) of the Probate Act presents a question of law we review *de novo*. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 21. Our primary objective in construing a statute "is to ascertain and give effect to the legislature's intent." *McVey v. M.L.K. Enterprises, LLC*, 2015 IL 118143, ¶ 11. The plain language of section 8-1(e) of the Probate Act gives the court the authority to appoint a special administrator to defend a proceeding to contest the validity of a will. 755 ILCS 5/8-1(e) (West 2016). However, in the trial court, petitioner acknowledged she is not contesting the validity of the will. Therefore, section 8-1(e) of the Probate Act has no applicability to the facts of the instant case. Petitioner

4

cited no other statutory authority for the relief she is seeking, namely, the appointment of a special representative to take over the reins of the declaratory judgment action initiated by the petitioner. Petitioner would like the special representative to address all matters pending in the trial court including the jury trial. In addition, we must point out that, for purposes of this appeal, petitioner has stated, "The conduct of the Administrator/Trustee Michael Pryor is only precatory at this stage of the proceedings, and there is no factual basis to seek his removal from either office as listed in the statute. 755 ILCS 5/23-2."

¶ 13       For these reasons, we conclude that the trial court did not err by denying petitioner's request for relief premised on section 8-1(e) of the Probate Act. Therefore, we affirm the trial court's orders dated September 23, 2016, and December 8, 2016.

¶ 14                                    CONCLUSION

¶ 15       The judgment of the circuit court of Peoria County is affirmed.

¶ 16       Affirmed.

¶ 17       JUSTICE O'BRIEN, dissenting:

¶ 18       I respectfully dissent for the reasons set forth below.

¶ 19       The petitioner initially filed a declaratory judgment action, asking the trial court to determine which of the trust documents should be used as the vehicle to distribute the estate of Ethel Pryor. The complaint for declaratory judgment alleged there are four versions of the trust, with each granting varying portions of Ethel's estate to her heirs, including Michael Pryor. At least one of the amendments to the declaration of trust would give Michael Pryor and his brother two-thirds of the entirety of Ethel's estate and eliminate distribution of any portion of the estate to other heirs. While it appears that the parties spent considerable time and effort trying to determine which amendment to the trust was the correct one to direct the distribution of the

5

estate, no agreement was reached. The petitioner then filed a motion entitled "Motion to Appoint a Special Administrator of the Estate," seeking to remove Michael Pryor as the administrator/executor of the estate. The first motion was dismissed without prejudice, and the petitioner filed an Amended Motion to Appoint a Special Administrator of the Estate. The respondents filed a motion to dismiss on the basis that a special administrator could only be appointed in a will contest. At the hearing on the motion to dismiss held August 25, 2016, the petitioner moved to amend her motion to seek the appointment of a special representative instead of a special administrator. The trial court invited counsel for the respondents to speak on the propriety of the petitioner's motion to amend by interlineation, but the record does not contain any objection to the petitioner's motion and the trial court's only response was "I got it." The record shows that the petitioner was allowed to amend the motion from "Amended Motion to Appoint a Special Administrator of the Estate" to "Motion to Appoint a Special Representative of the Estate." By amending her motion, the petitioner defeated the respondents' argument that the remedy the petitioner was seeking could only be sought in a will contest.

¶ 20      Section 5/23-2(a) of the Probate Act allows for the removal of the representative of the estate on the petition of any interested person or on the court's own motion in a number of circumstances. 755 ILCS 5/23-2(a) (West 2014). The petitioner's argument during the hearing on the respondents' motion to dismiss, and again during the hearing on the petitioner's motion to reconsider, centered around those circumstances contemplated by subsections 9 and 10 of section 23-2 of the Act, which allow for removal when (1) the representative becomes incapable or unsuitable for the discharge of the representative's duties or (2) there is other good cause. 755 ILCS 5/23-2(a)(9),(10) (West 2012).

¶ 21    Throughout the proceedings, the petitioner never claimed to be contesting the will, but instead believed the term "Administrator" was synonymous with "Representative." Based on that erroneous belief, the petitioner filed motions that lead to the respondents' understandable misunderstanding of the nature of the relief the petitioner was seeking. However, it is clear the trial court understood the basis upon which the petitioner sought relief, since no mention of the will contest portion of the Probate Act was cited as a basis to deny relief to the petitioner. In denying the petitioner's motion for appointment of a special representative, the trial court's order stated as follows: "The motion is denied. See *Estate of Hawley*, 183 Ill. App. 3d 107, 109 (5th District 1989); *Conant v. Lansden*, 341 Ill. App. 488 (1950)."

¶ 22    The trial court made no oral pronouncement in conjunction with its written disposition, but in reviewing the *Hawley* case where it references the *Conant* case, it is apparent the trial court determined that since Michael Pryor was specifically named as trustee by the trust documents, any conflict of interest was expressly contemplated, created and sanctioned by the documents and thus may be permitted to exist. See *In re Estate of Hawley*, 183 Ill. App. 3d 107, 109; *Conant v. Lansden*, 341 Ill. App. 488 (1950). However, the conflict of interest cannot be allowed to continue in every circumstance, and a careful reading of *Hawley* indicates that the situation at bar is one of those circumstances.

¶ 23    In *Hawley*, like in the case before us, the decedent executed a will naming a nephew as the executor. The will provided for the distribution of the estate pursuant to the provisions of a trust. The decedent also made the same nephew the trustee of the trust. In *Hawley*, the executor/trustee exercised his broad powers as trustee and leased some of the trust property to his son for the purpose of farming. Even though there was no evidence presented that the trustee or his family benefitted to the detriment of the other beneficiaries, the appellate court upheld the

7

removal of the nephew as the trustee on the grounds that "the duty of a trustee is such that it will suffer not the remotest possibility of a conflict of interest, nor the faintest appearance of impropriety." *Hawley*, 183 Ill. App. 3d at 110.

¶ 24        The circumstances presented by the petitioner in the case on review warrant a similar disposition. As the executor of the estate, Michael Pryor became the representative of the estate upon the issuance of letters of office. Michael Pryor also became the trustee of the trust. The law recognizes this conflict of interest may be permissible because it was specifically contemplated when the documents were created. However, the facts and circumstances surrounding the trust and the various amendments to the trust create a potential for a conflict of interest that is not permissible because of the potential adverse effect on the interests of the other beneficiaries if Michael were to participate in any way in the determination of which trust amendment is the appropriate instrument to employ to determine the distribution of the shares of the estate. As *Hawley* dictates, even the appearance of impropriety is enough to require the appointment of a special representative in cases where the estate representative is also the trustee of the testamentary trust.

¶ 25        While we recognize the importance of protecting a testator's right to nominate an executor and also name that same person to be the trustee of the testamentary trust, even when to do so creates a conflict of interest, we are required to balance those rights against the rights of the trust beneficiaries to be able to demand that the trustee adhere to his fiduciary responsibilities in distributing the trust proceeds. In the instant case, the issue is whether Michael Pryor is unsuitable to act as the representative of the estate for the purpose of aiding in the determination of which of the trust amendments should be utilized as the vehicle for the distribution of the assets of Ethel Pryor. Since Michael Pryor receives a disproportionate share of the estate under

one of the amendments, it is clear that in order to avoid the appearance of impropriety, Michael Pryor's removal as representative is required under the precedent set out in *Hawley*. Therefore, I would reverse the decision of the trial court granting the respondents' motion to dismiss and remand to the trial court for the appointment of a special representative to replace Michael Pryor.