Fisher v. Bowles.

WILLIAM FISHER *et al.*, Appellants, *v.* HENRY BOWLES, Appellee.

APPEAL FROM PEORIA.

If a person suffers his name to be used in a business, or holds himself out as a copartner, he will be so regarded, whatever may be the agreement between himself and the other copartners.

THIS was an action of assumpsit.

The summons was served on William Fisher only.

The declaration alleges, that defendants were joint owners and partners in building and running the steamboat "Lacon," and that defendants were indebted to plaintiff in the sum of $1,000 for services as engineer on said boat.

There was also a count for goods, etc., sold and delivered, for work and labor done at request of defendants. For money lent. For money paid by plaintiff, for the use of defendants, at their request. For money had and received by defendants for plaintiff's use, and for money found due upon an account stated. Damage claimed, $1,000.

Defendant filed the following pleas:

The general issue, and that prior to the time the said steamboat Lacon commenced running, he was not a partner with the defendant, Simpson: which plea was verified by the affidavit of said William Fisher.

The cause was tried by jury, at March term, 1858; a verdict was rendered for the plaintiff for $535, upon which judgment was rendered by the court, POWELL, Judge, presiding.

N. H. PURPLE, for Appellants.

H. GROVE, for Appellee.

BREESE, J. From a careful examination of the evidence, as presented in the record, we see no reason to find fault with the verdict of the jury, as it fully sustains their finding. The question of liability, and to what extent, was fairly before them; and although the instructions given on behalf of the plaintiff may be regarded as somewhat loose, yet they are sufficiently accurate and pointed to convey to the jury a correct notion of the law, as applicable to the facts before them.

Partnership cannot always be proved by written articles. In fact, in very many cases, writings do not exist, and especially in a steamboat concern. In such cases, and in all cases, the rule is, if a person suffer his name to be used in a business, or

otherwise hold himself out as a partner, he is to be so considered, whatever may be the agreement between him and the other partners. 3 Kent's Com. 52; Collyer on Part. 75, sec. 80; *Stearns* v. *Haven*, 14 Vermont R. 540.

The court, in this case, say, whether persons are partners *inter se*, may depend on their contract between themselves. Whether they are partners as to others, depends on their conduct.

A party permitting his name to be used, or holding himself out as a partner, will be equally responsible with other partners, although he may receive no profits, for the contract of one is the contract of all. *Guidon* v, *Robson*, 2 Campbell R. 802.

This rule of law arises, not upon the ground of the real transaction between the partners, but upon principles of general policy, to prevent the frauds to which persons would be exposed, if they were to suppose they lent their money, performed the work, or furnished the materials, upon the apparent credit of three or four persons, when, in fact, they did all those to two only, to whom, without the others, they would have lent nothing, performed no work, or furnished materials. *Waugh* v. *Conver*, *Carver & Giesler*, 2 Henry Blackstone, 235, a leading case, with copious and instructive notes.

The judgment is affirmed.

*Judgment affirmed.*