# JOHN WHEELER

*v.*

# HEZEKIAH McELDOWNEY.

PARTNERSHIP—*proof thereof*. In an action against A and B on a promissory note signed A & Co., the declaration alleged that A and B were partners in business under the firm name of A & Co., and as such made the note sued on. B denied the partnership and his joint liability with A as partner, on the note. The plaintiff introduced in evidence the note, and a bond for a deed for certain mill property, executed by a third person, with the knowledge of B, to "A and B, composing the firm of A & Co.," which bond was duly recorded. It appeared that B made the most, if not all, the payments on the property, and that when reimbursed by A, the property was to be the property of A; that the note was executed for work done in the mill by the plaintiff as miller; that B visited the mill several times after the purchase. A testified that B never had any interest in the mill business; that he alone was interested in that, and assumed the firm name of A & Co. in which to transact business; that the firm was himself and no other; that B never authorized him to use his name, nor did he ever represent to others or to the plaintiff that B had any interest in the mill business; that the interest of the latter only extended to the real estate: *Held*, the evidence was sufficient to charge B upon the note; that the bond for a deed to the mill property, taken with the knowledge and consent of B, in which A and B were described as composing the firm of A & Co., and put on record, was a holding out to the world that they were partners in the mill property and in the business of the mill, though, as between themselves, there may have been no partnership in the mill business.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. ECKELS & KYLE, for the appellant.

Mr. M. KENDALL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit on a promissory note signed "George Faulkner & Co." The declaration alleges that George Faulkner and John Wheeler were partners in business under the firm name of George Faulkner & Co., and as such, made

the note in question.  Faulkner was defaulted, and Wheeler pleaded, verifying the plea by affidavit, that he was not a partner of Faulkner, and not jointly liable with him as partner, on the note.  A jury was waived and the case tried by the court, who found for the plaintiff, and rendered judgment against both the defendants for the amount of the note and interest.

To reverse this judgment the defendant Wheeler appeals, and the only question is, was Wheeler a partner with Faulkner at the time the note was executed?

To maintain the issue on the part of the plaintiff, he introduced in evidence the note, and a bond for a deed for certain mill property, executed by one E. W. Grosvenor to "George Faulkner and John Wheeler, composing the firm of George Faulkner & Co.," with the knowledge and consent of Wheeler. This bond was duly recorded.  Wheeler made the most, if not all, the payments on the property, and, when reimbursed by Faulkner, the property was to be the property of Faulkner.

The note was executed for work done in the mill by the plaintiff as miller.  Wheeler visited the mill several times after the purchase.

Faulkner testified that Wheeler never had any interest in the mill business; that he alone was interested in that, and assumed the firm name of George Faulkner & Co., in which to transact business; the firm was himself, and no other; Wheeler never authorized him to use his name, nor did he ever represent to others, or to the plaintiff, that Wheeler had any interest in the mill business; that his interest only extended to the real estate.

It is insisted by appellant that this evidence is not sufficient to charge Wheeler upon the note.  We think differently.  The bond for a deed to the mill property, taken with the knowledge and consent of Wheeler, in which Faulkner and Wheeler are described as composing the firm of George Faulkner & Co., and put on record, was a holding out to the world that they were partners in the mill property and in the business of the mill, though, as between themselves, there may have been

no partnership in the mill business. This information conveyed to third parties, by recording the bond, enabled the mill to do business, and pay the mortgage for which Wheeler was responsible, or, in other words, had covenanted to discharge, and was notice to such parties dealing with the mill that they had the responsibility of Wheeler to rely upon. The record of the bond, executed as it was with Wheeler's knowledge and consent, was notice to the public there was such a firm as George Faulkner & Co., composed of George Faulkner and appellant, and he must, on principles of public policy and justice, be held responsible as such to the public, whatever may be the true relations between him and Faulkner.

The case of *Fisher et al.* v. *Bowles,* 20 Ill. 396, cited by appellee, covers this case, and, in conformity with it, the judgment must be affirmed.

*Judgment affirmed.*