SHERIDAN POOLE *et al.*

*v.*

A. D. FISHER *et al.*

1. PARTNERSHIP—*as to third parties.* Where a person holds himself out as a partner to a party giving credit to the supposed firm, and by his conduct or declarations induces such person to give credit in the honest belief that he is a partner, he will be held liable as a partner.

APPEAL from the the Superior Court of Cook County ; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. BLANCHARD & MILLER, for the appellants.

Mr. JAMES L. STARK, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This suit was brought against appellees, as partners, for goods sold and delivered.

They denied the partnership by proper pleas, verified by affidavit.

The judgment was rendered against Fisher for the debt, and in favor of Miller for costs.

The claim is not disputed; and the only question is, was Miller liable, as partner, for the debt incurred?

Fisher—a man without means or credit—commenced business in Chicago, and purchased goods of appellants, merchants in New York. The firm name was A. D. Fisher & Co.

The reporter of the mercantile agency in Chicago had an interview with Miller as to the parties who comprised the firm of Fisher & Co. Miller informed him that his father and himself were general partners of Fisher. Upon this information a report was sent to New York that the firm was responsible, so long as Miller & Son were connected with it.

Poole testified that Fisher said to him, when he purchased goods, that Miller was his partner, and the monied man of the firm; that afterward he saw Miller in the store in Chicago; was introduced to him as the partner of Fisher; conversed with him as partner; supposed him to be so; sold the goods under that belief; and met Miller at the Sherman House afterward; and he assured the witness that the claim would be paid.

McKean testified that both Fisher and Miller told him, that Miller was one of the firm; that he was introduced to Miller as the partner of Fisher; and the former admitted that he was a full partner.

Fisk testified that he first met Miller and Fisher in the fall of 1867; that Fisher spoke of Miller as his particular friend and partner; that Miller remarked that he took no active part in the business, but allowed Fisher to manage it; that afterward Miller spoke to him about a bill due by the firm, and said it must be paid.

Kelley, a clerk for the firm, testified he had a conversation with Miller, before the store was opened, and he said if the business proved successful, "we will go in on a large scale;" that he would be satisfied if the store paid his spending money; that

on one occasion Miller said to him, " do the best you can for us, and we will do well by you; " that he made inquiries about the business; and that he frequently heard Fisher introduce Miller as his partner, without any denial on the part of Miller.

This proof, if it does not show an actual partnership between the parties, is pretty conclusive that one existed as to third persons.

The testimony in defense is very slight.

Fisher made a positive denial of the partnership, and of all his acts and language indicating this relation.   He is, however, so flatly contradicted by so many persons, that we can not attach much weight to his evidence.

Miller denied the partnership in fact; but he does not negative the numerous acts and remarks proved which necessarily induced third parties to believe that he was a partner.   His reply generally was, " I don't remember."   This was manifest evasion; for it would be passing strange if he could not recollect the interviews with Poole, and McKean and Fisk.

The testimony of the father has no weight in the scale.   He said that his son was not a partner.   How could he know the exact relation between the parties ?   He said, however, that he loaned $10,000 to Fisher, and that his son and Fisher spoke to him about furnishing the money.

No reason is assigned for this generosity on the part of the father; no guide afforded to explain this exceeding interest on the part of the son.

We shall not inquire whether there was an actual partnership or not.

The acts and language of Miller most clearly induced appellants to give credit to the firm.   The credit was given upon his responsibility.   These creditors evidently believed him to be a partner, and acted upon such belief.   The belief was honest, and fully justified by the conduct of Miller.

The law will therefore hold him liable, upon principles of general policy, and for the prevention of frauds upon creditors.

The conduct, as well as representations, of Miller to one of

appellants, are sufficient to charge him as partner. He held himself out as such, and can not escape the consequences. Story on Part. Sec. 64 ; *Fisher* v. *Bowles,* 20 Ill. 396 ; *Niehoff* v. *Dudley,* 40 Ill. 406.

The testimony is so overwhelming in favor of appellants, that we are constrained to reverse the judgment and remand the cause.

*Judgment reversed.*