2020 IL App (2d) 190765
No. 2-19-0765
Opinion filed June 24, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID W. ASHBY, | ) | Appeal from the Circuit Court |
| | ) | of Kendall County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-CH-259 |
| | ) | |
| BONNIE PINNOW, MARK ASHBY, | ) | |
| UNKNOWN OCCUPANTS, and | ) | |
| NON-RECORD CLAIMANTS, | ) | Honorable |
| | ) | Melissa S. Barnhart, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, David W. Ashby, and his siblings, defendants Bonnie Pinnow and Mark Ashby, were co-trustees and co-beneficiaries of a trust established by their parents.    The primary asset of the trust was a five-acre parcel of land that contained their parents' home.    The trust provided that, upon the parents' deaths, the trust assets would be divided in equal shares among the children.    However, after their parents' deaths, the defendants conveyed the portion of the land that contained the family home to themselves.    The portion of the five-acre parcel of land that they conveyed to the plaintiff was vacant land.    The plaintiff filed a three-count complaint against the defendants, seeking to quiet title, requesting an equitable partition of the land, and asserting that the defendants had breached their fiduciary duties.    The circuit court of Kendall

County dismissed the plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). For the reasons that follow, we affirm in part, reverse in part, and remand for additional proceedings.

¶ 2                                     I. BACKGROUND

¶ 3    On October 30, 2003, David I. and Barbara T. Ashby placed their family home, located on five acres of land in Plainfield, into a trust. The trust provided that their three children—the plaintiff and the defendants—were the co-trustees of the trust and would become beneficiaries upon both David's and Barbara's deaths. The trust specifically provided:

> "After the death of both Settlors, the balance of the Trust Estate including principal and accumulated income shall be distributed to their children *** in equal shares."

The trust stated that it required compliance with the Trusts and Trustees Act (Trust Act) (760 ILCS 5/10 (West 2018))[1].

¶ 4    David died on October 13, 2004, and Barbara died on March 11, 2006.

¶ 5    On September 23, 2010, the defendants executed two trustee's deeds that conveyed one third of the trust property to the plaintiff and two thirds of the trust property to the defendants. The one third of the property conveyed to the plaintiff was vacant land and had a net taxable value of $20,000 in 2010. The two thirds of the property conveyed to the defendants was improved land and had a net taxable value of $62,397 in 2010. On September 28, 2010, both trustee's deeds were recorded.

---

[1] The Trust Act was repealed and replaced with the Illinois Trust Code by Public Act 101-48. Pub. Act 101-48 (eff. Jan. 1, 2020) (repealing 760 ILCS 5/1 to 21 and adding 760 ILCS 3/101 to 1506). The parties do not suggest that this change has any impact on the current case.

¶ 6      On August 22, 2018, the plaintiff filed a complaint seeking money damages for fraud and the equitable relief of partition.   On January 4, 2019, the plaintiff filed a three-count amended complaint.   Count I sought to quiet title to the real estate; count II sought to partition the real estate pursuant to the terms of the trust; and count III asserted breach of fiduciary duty.   On May 13, 2019, the plaintiff filed a second amended complaint reasserting the same three counts.

¶ 7      The plaintiff alleged that he did not receive notice in 2010 that the defendants had conveyed the trust property to him and themselves.   The plaintiff noted that, between 2008 and January 2012, he was homeless and did not have a computer or Internet access.   The plaintiff claimed that he did not learn of the September 23, 2010, land conveyances until he was informed of those conveyances by an attorney on June 14, 2018.

¶ 8      On May 30, 2019, the defendants filed a motion to dismiss the plaintiff's second amended complaint pursuant to section 2-619(a)(5) and (a)(9) of the Code (735 ILCS 5/2-619(a)(5), (9) (West 2018).   The defendants asserted that all three counts should be dismissed because (1) the trust and Trust Act gave two of the three trustees the right to convey trust property without having to provide notice to the third trustee and (2) they had the right to convey the real estate to themselves as beneficiaries under the trust without notifying the plaintiff.   The defendants further asserted that count III should be dismissed because it was time barred.

¶ 9      On August 7, 2019, following a hearing, the trial court dismissed the plaintiff's complaint with prejudice.   The trial court dismissed count I, finding that plaintiff had not asserted a proper claim for quiet title.   The trial court dismissed count II, finding that, under the terms of the trust and the Trust Act, the defendants had an absolute right to convey the property in the manner they had.   The trial court dismissed count III as being barred by the applicable five-year statute of limitations.   The trial court explained that the plaintiff had notice of any alleged breach of

fiduciary duty when the deeds were recorded in 2010. Following the trial court's ruling, the plaintiff filed a timely notice of appeal.

¶ 10                                II. ANALYSIS

¶ 11    On appeal, the plaintiff argues that the trial court erred in granting the defendants' 2-619 motion to dismiss all three counts of his complaint. Under section 2-619 of the Code, claims can be dismissed if they are "barred by *** affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). In reviewing the sufficiency of a complaint, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences that can be drawn from those facts. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996). The existence of a factual issue precludes dismissal under section 2-619(a)(9) of the Code. *Collins v. Bartlett Park District*, 2013 IL App (2d) 130006, ¶ 55. The sufficiency of a complaint is an issue of law and is reviewed *de novo*. *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 17. With these principles in mind, we will consider the propriety of the dismissal of each count in turn.

¶ 12                        A. Count I—Claim to Quiet Title

¶ 13    Count I of the plaintiff's complaint sought to have the September 23, 2010, trustee's deeds declared to be invalid and to quiet title to the real estate in the name of the trust. The plaintiff asserted that the trust required that any conveyances be done with his approval and participation. However, the defendants never informed him of the execution and recording of the deeds. The plaintiff further alleged that the defendants violated the terms of the trust by not dividing the estate in equal shares.

¶ 14    An action to quiet title in property is an equitable proceeding wherein a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *Lakeview*

*Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 811 (1985). A plaintiff suing to remove a cloud from title must be in possession of the property unless the property at issue is vacant and undeveloped or other grounds of equitable relief are established, such as mistake or fraud. *Id.* at 812; see also *Nowakdnowski v. Sobeziak*, 270 Ill. 622, 625 (1915) (possession not necessary where the deed was secured illegally or by fraud). Generally, where a property is not vacant and is not in the possession of the party seeking to remove a cloud from his title, the proper remedy is an action for ejectment rather than an action solely to quiet title. *Estrada*, 134 Ill. App. 3d at 812. However, if the land is occupied by someone else, the plaintiff can maintain a quiet title action if he or she can establish fraud or some other equitable claim. *McGookey v. Winter*, 381 Ill. 516, 527 (1943).

¶ 15 Here, the plaintiff does not assert that he is in possession of the property that he seeks to have returned to the trust. Rather, we find that the plaintiff is seeking equitable relief because the defendants (1) conveyed the property out of the trust without giving him notice and (2) did not convey the property in equal shares as the trust required. We believe that the plaintiff's pleadings create a genuine issue of material fact.

¶ 16 The trust states that it requires compliance with the Trust Act. Section 10 of the Trust Act provides:

> "If there are 3 or more trustees of a trust, a majority of the trustees are competent to act in all cases after prior written notice to, or written waiver of notice by, each other trustee, but a dissenting trustee has no liability for the acts of the majority." 760 ILCS 5/10 (West 2018).

¶ 17 When interpreting a statute, our primary objective is to give effect to the legislature's intent. *McVey v. M.L.K. Enterprises*, *LLC*, 2015 IL 118143, ¶ 11. The most reliable indicator

of that intent is the language of the statute. *Id.* Statutory language is to be given its plain, ordinary, and popularly understood meaning and afforded its fullest meaning. *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002). We read statutory provisions in concert and harmonize them, avoiding an interpretation rendering part of the statute superfluous. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25. When statutory language is unambiguous, we must apply the language as written, without looking to other statutory-interpretation tools. *Merritt v. Department of State Police*, 2016 IL App (4th) 150661, ¶ 20. A court may also consider the reason for the statute, the problems it seeks to remedy, the purposes to be achieved, and the consequences of interpreting the statute one way or another. *Sperl v. Henry*, 2018 IL 123132, ¶ 23.

¶ 18 Based on the above rules of statutory construction, we believe that the defendants in this case had to provide written notice to the plaintiff before taking an action, such as transferring property out of the trust. To hold otherwise would render the notice requirements in section 10 meaningless, which of course is an interpretation we must avoid. *Hartney*, 2013 IL 115130, ¶ 25. Further, requiring notice is consistent with concepts of fundamental fairness. See *Doe No. 1 v. Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 49 (due process of law requires that a party be accorded procedural fairness, *i.e.*, given notice and an opportunity to be heard).

¶ 19 As such, we believe that the plaintiff's allegations that the defendants violated both the trust and the Trust Act by not providing him with notice that property would be conveyed out of the trust raise genuine issues of material fact. The plaintiff's allegations that the defendants' actions prejudiced him because it caused him to receive an unequal share of the trust assets also raise a genuine issue of material fact. As the plaintiff's claim to quiet title raises genuine issues of material fact, the trial court erred in dismissing count I of the plaintiff's second amended

complaint.

¶ 20    In so ruling, we reject the defendants' argument that the plaintiff did not timely raise the issue that they did not comply with section 10's requirement of written notice.   In his second amended complaint, the plaintiff asserted that the "[d]efendants never informed [him] of the execution or recording of the purported Trustee's Deeds."   The plaintiff also asserted that the defendants had violated the terms of the trust.   As noted earlier, the trust stated that it required compliance with the Trust Act.   We hold that the plaintiff timely raised the issue whether defendants had failed to comply with the dictates of the Trust Act, specifically section 10.

¶ 21    We also find without merit the defendants' insistence that section 10 was only directory, not mandatory, because section 10 does not provide any consequences if notice is not provided. Since the rule is only directory, defendants maintain the plaintiff must show how he was prejudiced by their actions.   The defendants claim he cannot do that, because any prejudice he suffered was the result of his own neglect of his duties as a co-trustee of the trust.

¶ 22    There are multiple problems with the defendants' argument.   First, the mandatory-directory distinction is not applicable here, because it applies only to governmental actions. See *People v. Geiler*, 2016 IL 119095, ¶ 16 (the mandatory-directory distinction denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating a governmental action).   Second, the plaintiff's complaint that the defendants' actions prejudiced him because he did not receive an equal share of the property as the trust required is a factual question not to be resolved on a motion to dismiss. See *Collins*, 2013 IL App (2d) 130006, ¶ 55. Third, the issue of whether the plaintiff's alleged neglect of his duties as trustee excused the defendants' noncompliance with the notice provisions of the Trust Act is also a factual question that is not to be resolved on a motion to dismiss.   See *id.*

¶ 23    Further, we reject the defendants' argument that the 40-year statute of limitations set forth in section 13-118 of the Code (735 ILCS 5/13-118 (West 2018)) is not applicable to the plaintiff's quiet title action.    That section provides:

> "Forty year limitation on claims to real estate.    No action based upon any claim arising or existing more than 40 years before the commencement of such action shall be maintained in any court to recover any real estate in this State or to recover or establish any interest therein or claim thereto, against the holder of the record title to such real estate when such holder of the record title and his or her grantors immediate or remote are shown by the record to have held chain of title to such real estate for at least 40 years before the action is commenced***."    735 ILCS 5/13-118 (West 2018).

¶ 24    The defendants contend that section 13-118 is not applicable, because the plaintiff never held title to the real estate in question.    However, the defendants misconstrue the plaintiff's complaint.    While he is not seeking to have the land returned to him in his individual capacity, he is seeking to have it returned to the trust.    The plaintiff's action seeking to have the land returned to the trust is therefore governed by, and timely under, section 13-118.    See *Diaz v. Home Federal Savings & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 734 (2002) (plaintiffs' quiet title action was not precluded by section 13-118, because the plaintiffs' action did not arise more than 40 years prior to the date upon which they brought it).

¶ 25    We additionally note that, during oral argument, the defendants did not dispute that there were factual questions that remained unanswered in this case.    The defendants insisted, however, that those factual questions were immaterial because the equities in this case support the trial court's decision.    Specifically, the defendants assert that, because the plaintiff did not perform any of the management duties that the trust imposed upon him as co-trustee, he cannot now

complain how the defendants performed their trustee duties. The defendants' argument puts the cart before the horse.

¶ 26 It is a basic maxim of equity that he who seeks equity must do equity. *Long v. Kemper Life Insurance Co.*, 196 Ill. App. 3d 216, 218 (1990). The doctrine of "unclean hands" precludes a party from taking advantage of his own wrong. *State Bank of Geneva v. Sorenson*, 167 Ill. App. 3d 674, 680 (1988). It is an equitable doctrine that bars relief when the party seeking that relief is guilty of misconduct in connection with the subject matter of the litigation. *Thomson Learning, Inc. v. Olympia Properties, LLC*, 365 Ill. App. 3d 621, 634 (2006). To prove unclean hands, the burden of proof is on the party making the contention, and proving the contention requires evidence of fraud, bad faith, or lack of fair dealing. *Brown v. Ryan*, 338 Ill. App. 3d 864, 875 (2003). The doctrine of unclean hands is not favored; whether it should be applied in a given case is a matter committed to the sound discretion of the trial court. *Brinkley v. Brinkley*, 174 Ill. App. 3d 705, 714 (1988).

¶ 27 Here, the defendants have not presented any evidence that the plaintiff's alleged misconduct rose to the level of fraud, bad faith, or lack of fair dealing. See *Brown*, 338 Ill. App. 3d at 875. Whether such evidence exists constitutes an issue of material fact that precludes dismissal of count I of the plaintiff's complaint. See *Collins*, 2013 IL App (2d) 130006, ¶ 55.

¶ 28 B. Count II—Equitable Distribution Following Quieting of Title

¶ 29 Count II of the plaintiff's complaint alleged that the defendants' division of the estate did not result in equal shares, as required by the terms of the trust. It therefore sought a fair and equal partition of the real estate between the beneficiaries of the trust.

¶ 30 Count II of the plaintiff's complaint is derivative of count I. Both seek equitable relief based on the defendant's failure to distribute the trust estate in equal shares. As we have already

determined that count I of the plaintiff's complaint raises factual questions as to whether equitable relief is warranted, we also determine that count II raises similar factual questions. Accordingly, we hold that the trial court erred in dismissing count II of the plaintiff's complaint.

¶ 31 In so ruling, we reject the defendants' argument that, because plaintiff never held title to the real estate in question, he cannot seek an equitable partition. As set forth above, that is not an accurate characterization of the law. See *Estrada*, 134 Ill. App. 3d at 811; see also *Yedor v. Chicago City Bank & Trust Co.*, 376 Ill. 121, 128 (1941) (partition is maintainable by the holder of an equitable estate as well as by the holder of a legal estate).

¶ 32                            C. Count III—Breach of Fiduciary Duty

¶ 33 Count III of the plaintiff's complaint asserted that the defendants owed him a fiduciary duty and that the defendants violated that duty by distributing the trust in unequal shares. The trial court dismissed count III as barred by the applicable statute of limitations.

¶ 34 The statute of limitations for a breach-of-fiduciary-duty claim is five years. 735 ILCS 5/13-205 (West 2018) (stating that the action "shall be commenced within 5 years next after the cause of action accrued"). The limitation period to bring an action is extended, however, if a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring an action. 735 ILCS 5/13-215 (West 2018). In that situation, "the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." *Id.*; see *DeLuna v. Burciaga*, 223 Ill. 2d 49, 67-68 (2006) (section 13-215 operates as a tolling provision for both statutes of limitations and statutes of repose). The elements needed to prove fraudulent concealment are (1) concealment of a material fact, (2) intent to induce a false belief where there exists a duty to speak, (3) that the other party could not have discovered the truth through

reasonable inquiry and relied upon the silence as an indication that the concealed fact did not exist, (4) that the other party would have acted differently had it known of the concealed information, and (5) that its reliance resulted in its injury. *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 31. In general, under the discovery rule, the determination of the point at which the limitations period commenced running is a question of fact. *Rasgaitis v. Waterstone Financial Group, Inc.*, 2013 IL App (2d) 111112, ¶ 30. If it is apparent that only one conclusion can be drawn, however, the question "becomes one for the court." *Id.*

¶ 35 Here, the defendants allegedly breached their fiduciary duty to the plaintiff when they conveyed land out of the trust in such a way that the plaintiff received an unequal share. This occurred on September 28, 2010, when the defendants recorded the deeds that reflected those conveyances. The plaintiff acknowledges that he did not file his cause of action within five years of that date. However, he contends that he did not need to file within five years, because the defendants' failure to comply with the Trust Act and send him written notice of the intended conveyances constituted fraudulent concealment and tolled the statute of limitations. As he filed his complaint within five years of the date he learned of the defendant's improper actions—June 14, 2018—the plaintiff insists that his action was timely filed. We disagree.

¶ 36 As set forth above, there is no fraudulent concealment if the party could have discovered the truth of the alleged impropriety through reasonable inquiry. The defendants' recording of the deeds with the Kendall County Recorder of Deeds on September 28, 2010, put the plaintiff on notice of the deeds' existence. *E.g.*, *Skrodzki v. Sherman State Bank*, 348 Ill. 403, 408 (1932) (noting that the "records of the recorder's office are public records and open alike to all parties"); *Wheeler v. McEldowney*, 60 Ill. 358, 360 (1871) (concluding that the recording of a bond for a deed on commercial property constituted notice to the public); see also *Lane v. Deutsche Bank,*

*AG*, 2015 IL App (1st) 142968, ¶ 27 (providing that the criminal conviction of his former counsel was a "matter of public record" that was sufficient to put the plaintiff on notice that his $18 million loss was wrongfully caused).    As the defendants recorded the deeds at issue, they did not commit an act of fraudulent concealment that extended the statute of limitations.    Accordingly, the trial court properly dismissed count III of the plaintiff's complaint as barred by the statute of limitations.

¶ 37                                      III. CONCLUSION

¶ 38    For the foregoing reasons, we reverse the judgment of the circuit court of Kendall County, dismissing counts I and II of the plaintiff's second amended complaint.   We affirm the circuit court's dismissal of count III.   We remand for additional proceedings.

¶ 39    Affirmed in part and reversed in part.

¶ 40    Cause remanded.

---

**No. 2-19-0765**

---

| | |
|---|---|
| **Cite as:** | *Ashby v. Pinnow*, 2020 IL App (2d) 190765 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kendall County, No. 18-CH-259; the Hon. Melissa S. Barnhart, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Timothy E. Hoerman, of Timothy E. Hoerman, Ltd., of Westmont, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Patrick M. Kinnally and Christopher J. Warmbold, of Kinnally Flaherty Krentz Loran Hodge & Masur PC, of Aurora, for appellees. |

---