THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH ARCHIE, Defendant-Appellant.

(No. 55900; ▮▮▮▮▮▮▮▮▮▮)

First District—September 21, 1971.

Gerald W. Getty, Public Defender of Cook County, of Chicago, (James N. Gramenos, Assistant Public Defender of Cook County, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Arthur L. Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant was found guilty at a bench trial under two indictments charging him with the crime of forgery; he was sentenced to a term of one year to one year and one day in the penitentiary. On appeal defendant contends that the trial court committed error in denying his motion for release from custody under the 120-day statute (Ill. Rev. Stat.

1969, ch. 38, par. 103—5), and further that the instant prosecution is barred by a prior plea of guilty in a Federal prosecution for crimes allegedly arising out of the same transactions as do those charged in the instant indictments. Ill. Rev. Stat. 1969, ch. 38, par. 3—4(c).

It appears from the record that the defendant was arrested on June 16, 1969, by officers of the Harwood Heights (Illinois) Police Department. On the same day defendant was turned over to the Federal authorities, who had theretofore issued a warrant for defendant's arrest in connection with the theft of or receipt of checks stolen from the United States mails, and was placed in the Federal tier of the Cook County Jail pending his trial on those charges. On August 7, 1969, defendant entered a plea of guilty to the Federal charges and was sentenced to a term of two years in the Federal penitentiary, to be followed by a period of five years probation. Defendant was thereupon transported to the Federal Penitentiary at Sandstone, Minnesota on August 16, 1969.

On September 15, 1969, the instant indictments were filed against the defendant, charging him with forgery of several checks on June 12 and June 16, 1969, and bail was set on each indictment. On September 19, 1969, a writ of *habeas corpus ad prosequendum* was issued by the Illinois authorities requesting the warden of the Sandstone, Minnesota Federal Penitentiary to present the defendant for trial in Cook County. Defendant was returned to Illinois from Minnesota on October 7, 1969, and on the following day he appeared before the Circuit Court of Cook County, counsel was appointed, and defendant was arraigned.

On October 24, 1969, defendant filed a "Petition for Discharge" with the trial court, alleging that more than 120 days had elapsed since he had been taken into custody on June 16, 1969, that he had not caused any delay in this matter, and that he was therefore entitled to discharge under the terms of section 103—5 of the Criminal Code. After a hearing, the Petition was denied, and defendant was thereafter tried and found guilty as charged in the indictments. (The sentence imposed by the trial court in the instant case was to run concurrently with that imposed by the Federal Court upon defendant's plea of guilty to the charges of mail theft.)

The chronology of events related above reveals that the circumstances of the instant case are not such as to warrant the invocation of the 120-day rule. Defendant was initially arrested on June 16, 1969, by the local authorities, but the grounds of that arrest do not affirmatively appear of record. It does appear from the record, however, that at the time of the arrest a Federal warrant was in existence for the defendant's arrest on mail theft charges, and that defendant was turned over by the local authorities to the Federal authorities that same day. Defendant remained

in Federal custody from June 16th until his return to the State of Illinois from Minnesota on October 7, 1969, pursuant to the write of *habeas corpus* issued by the Illinois authorities. Defendant was thereafter tried for the charges of which he now stands convicted within 120 days of October 7, 1969, the date he was taken into custody by the Illinois authorities for those crimes.

The case of *People v. Clark*, 104 Ill.App.2d 12, is factually in point. In the *Clark* case the defendant and others had traveled from Peoria to Rock Island where they visited a number of stores, cashing or attempting to cash several checks. The manager of one of the stores became suspicious and notified the local police who arrested the defendant and his companions shortly thereafter. The day following the arrest, the sheriff of Rock Island County turned the defendant over to the sheriff of Peoria County where the defendant was under indictment for a crime, the former sheriff requesting the latter sheriff to "hold" the defendant for trial in Rock Island County. Thereafter, while still in the custody of the Peoria authorities, defendant was indicted for the crime of forgery in Rock Island County. Defendant was later transferred to Rock Island County where he was tried and convicted of the crime of forgery, some 180 days after his initial arrest by the Rock Island authorities, but within 120 days of his transfer from Peoria County.

In analyzing the facts of, and adhering to the logic and rationale of the cases of *People v. Jones*, 33 Ill.2d 357, and *People v. Stillwagon*, 373 Ill.2d 211, the court in the *Clark* case held that the 120-day period commenced from the day defendant was transferred from Peoria County to the custody of the authorities in Rock Island. The court noted that, as in the instant case, defendant was not arrested by the Rock Island police on any specific charge, and also that, as in the instant case, no formal charges had been placed against him by the Rock Island authorities prior to his transfer to the custody of the Peoria authorities. The court in the *Clark* case further noted that it could not be inferred that the defendant's arrest in Rock Island was for the forgery of which he was subsequently convicted in Rock Island, or that the Rock Island authorities' request that the Peoria officials "hold" defendant for trial in Rock Island County related to the forgery, inasmuch as defendant was not indicted for the crime of forgery until four weeks after his arrest; such are also the circumstances of the instant case.

██ It cannot be said that the defendant in the instant case, at the time of his arrest, was in the custody of the local authorities for the charges of which he now stands convicted, so as to have commenced the running of the 120-day period from that date. Rather, the 120-day period commenced to run from the date defendant was returned to the State of

Illinois from the Federal Penitentiary in Minnesota, October 7, 1969.

■■ Defendant's contention that the present prosecution is barred by his prior plea of guilty in the Federal prosecution for mail theft is without merit.

While it is true that the checks which constitute the basis of this prosecution were stolen from the United States mails, to which theft the defendant entered a plea of guilty in the Federal prosecution, there is not such a relationship between the mail theft and the check forgeries as would bar prosecution for the latter after a prosecution for the former. The Federal government could not have prosecuted the defendant for the forging of the checks, and conversely, the State of Illinois could not have prosecuted the defendant for the theft from the United States mails. The circumstances here do not fall within those contemplated by section 3—4(c) of the Criminal Code.

For these reasons the judgment is affirmed.

Judgment affirmed.

LYONS and GOLDBERG, JJ., concur.