NOTICE
Decision filed 12/01/21. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2021 IL App (5th) 210029

NO. 5-21-0029

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* KELAN W., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | St. Clair County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-JD-192 |
| | ) | |
| Kelan W., | ) | Honorable |
| | ) | William G. Clay IV, |
| Respondent-Appellee). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court, with opinion.
Justices Moore and Vaughan concurred in the judgment and opinion.

**OPINION**

¶ 1                                            I. BACKGROUND

¶ 2       Respondent, Kelan W., a minor, was charged with aggravated vehicular hijacking, unlawful possession of a stolen motor vehicle, aggravated unlawful use of weapon, and misdemeanor theft in an amended petition for adjudication of wardship (petition) filed on September 28, 2020. The petition alleged that the respondent committed aggravated vehicular hijacking in the State of Missouri and committed the other offenses in Illinois. The charge of aggravated vehicular hijacking referenced section 570.023.1 of the Missouri Revised Criminal Code (Mo. Ann. Stat. § 570.023.1 (West Supp. 2017)), first degree robbery, while charging the respondent under the Illinois Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1

1

*et seq.* (West 2020)) with a violation of section 18-4(a)(5) of the Criminal Code of 2012 (720 ILCS 5/18-4(a)(5) (West 2020)).[1] The vehicular hijacking charge alleged that "[o]n or about 08-27-2020, the said minor, while in the State of Missouri, knowingly took a motor vehicle, a 2019 Volkswagen Jetta from the person of Joshua Luterman, by force or the threat of use of force, while the minor was armed with a firearm."

¶ 3    The statute the respondent allegedly violated was section 570.023 of the Missouri Revised Criminal Code, which reads as follows: "Robbery in the first degree—penalty. 1. A person commits the offense of robbery in the first degree if he or she forcibly steals property and in the course thereof he or she, or another participant in the offense: *** (2) Is armed with a deadly weapon ***." Mo. Ann. Stat. § 570.023.1(2) (West Supp. 2017).[2] The corresponding Illinois law would be aggravated vehicular hijacking pursuant to section 18-4(a)(4)[3] of the Criminal Code of 2012, which reads, "A person commits aggravated vehicular hijacking when he or she violates Section 18-3; and *** (4) he or she carries on or about his or her person or is otherwise armed with a firearm ***." 720 ILCS 5/18-4(a)(4) (West 2020). On September 30, 2020, respondent filed a motion to dismiss the aggravated vehicular hijacking charge on the grounds that the circuit court

---

[1]The State's petition alleges in count I that the respondent violated an Illinois law. The respondent allegedly violated a law of the State of Missouri, while physically located in Missouri. As such, in count I of the petition, the State must prove the violation of the Missouri statute beyond a reasonable doubt to prove that the respondent is a "delinquent minor" under the Juvenile Court Act.

[2]The petition does not specify a subsection of the Missouri statute; however, the charging language would indicate that the intended charge was a violation of section 570.023.1(2) of the Missouri Revised Criminal Code. Mo. Ann. Stat. § 570.023.1(2) (West Supp. 2017). The section that the State intends to prosecute is not an issue for this appeal, and as such, we do not address the lack of specificity in the State's charging instrument but note the lack of specificity as it is an issue likely to arise on remand.

[3]The petition specifically references "720 ILCS 5/18-4(a)(5)," which is a charge of vehicular hijacking where "he or she, during the commission of the offense, personally discharges a firearm." 720 ILCS 5/18-4(a)(5) (West 2020). Again, the charging language alleges that the respondent "knowingly took a motor vehicle, a 2019 Volkswagen Jetta from the person *** by force or the threat of use of force, while the minor was armed with a firearm."

did not have jurisdiction to hear a prosecution of the respondent for acts committed entirely in Missouri.

¶ 4     The State filed a response on October 6, 2020. It asserted that juvenile and criminal prosecutions are discrete, that juvenile court procedure is defined by statute, and that the Juvenile Court Act by statutory definition permits the prosecution of the respondent in Illinois for an offense committed in Missouri. It noted that respondent forcibly stole a vehicle at gunpoint in Missouri and then fled in the vehicle to Illinois, where he was arrested. After hearing oral arguments on the motion to dismiss, the circuit court entered an order on January 6, 2021, which stated that "in the Court's opinion, based on the evidence presented, the Court does not have the authority or required jurisdiction to rule over violations of Missouri law." The State filed a timely notice of appeal on February 2, 2021. For the following reasons, we reverse.

¶ 5                                      II. ANALYSIS

¶ 6     Before we turn to the merits of this appeal, we first address Illinois Supreme Court Rule 660A (eff. July 1, 2018), which requires accelerated disposition in appeals involving delinquent minors. Under Rule 660A, we are directed to issue our decision within 150 days after the filing of the notice of appeal, except for good cause shown. Ill. S. Ct. R. 660A(f) (eff. July 1, 2018). In order to give this case the attention it deserves, this court finds it necessary to file this disposition past the due date, and we find good cause to issue our decision after the 150-day deadline.

¶ 7     This court has jurisdiction to hear this appeal pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017) and Rule 660A. This case involves a question of statutory interpretation, a purely legal question, and as such the standard of review is *de novo*. *People v. Begay*, 2018 IL App (1st) 150446, ¶ 40.

3

¶ 8       Turning to the merits, the State argues on appeal that the circuit court erred as a matter of law in dismissing the charge of aggravated vehicular hijacking contained in the State's petition on the basis that it lacked jurisdiction over a juvenile who committed an offense in another state. The State further argued that the circuit court erred in finding that it lacked authority to preside over a proceeding enforcing a law of another state. According to the State's argument, the circuit court accepted the respondent's argument that only violations of Illinois law may be pursued under the Juvenile Court Act. Because that ruling is directly contrary to the plain language of the Juvenile Court Act (705 ILCS 405/5-715 (West 2020)), we reverse and remand for further proceedings.

¶ 9       The respondent argues that this court should affirm the circuit court's ruling that it did not have jurisdiction to preside over a juvenile who committed an offense in any other state nor authority to preside over a violation of Missouri law. In support of that argument, respondent offers arguments targeted at practicality, policy, and fairness. For example, the respondent argues that prosecution in Illinois for an offense occurring in another state may be impractical where counsel would be required to interview witnesses in another state, issue subpoenas through another state, and familiarize themselves with the laws of another state.

¶ 10      We recognize that attorneys in this state regularly must interview witnesses in other states and our courts must expend resources to coordinate those witnesses' testimony before our tribunals. Further, attorneys in the State of Illinois must often familiarize themselves with statutes of other jurisdictions. The legislature is the body vested with the responsibility of codifying public policy into law. *People ex rel. Madigan v. Bertrand*, 2012 IL App (1st) 111419, ¶ 35. The narrow issue in this appeal is whether the trial court acquired jurisdiction to adjudicate the respondent for an offense that was not committed in Illinois. The question requires only an interpretation of the

4

relevant juvenile jurisdiction statute and not consideration of any potential inconvenience to counsels or courts.

¶ 11    The juvenile court system is a creature of legislative design. *People v. M.A.*, 124 Ill. 2d 135, 141 (1988). The legislature has the prerogative of establishing procedural rules for access to the juvenile courts in Illinois. *People v. Patterson*, 2014 IL 115102, ¶ 104. As such, the legislature has specifically described the jurisdiction of the juvenile court as follows:

"Exclusive jurisdiction. Proceedings may be instituted under the provisions of this Article concerning any minor who prior to his or her 18th birthday has violated or attempted to violate, regardless of where the act occurred, any federal, State, county or municipal law or ordinance. Except as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article, no minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2020).

¶ 12    Our primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). The plain language of a statute is the most reliable indication of legislative intent. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). When the language of the statute is clear, it must be applied as written without resort to aids or tools of interpretation. *Id.* This court cannot read into the plain statutory language exceptions, limitations, or conditions that the legislature did not express. *People v. Youngblood*, 365 Ill. App. 3d 210, 211 (2006). Moreover, this court should give independent meaning to all words in the statute. *People v. Glisson*, 202 Ill. 2d 499, 505 (2002). Where, as here, the circuit court's power to act is controlled by statute, the circuit court must proceed within the strictures of the statute and may not take any action that exceeds its statutory authority. *People ex rel. Devine v. Stralka*, 226 Ill. 2d 445, 453-54 (2007). Further, a court exercising jurisdiction

over a juvenile pursuant to the provisions of the Juvenile Court Act is not at liberty to reject or embellish its statutory authority, even if there is a perceived need or desirability for such action. *Id.* at 454.

¶ 13    We are not authorized to construe a statute other than by its plain language where its plain language is clear and unambiguous. *Bertrand*, 2012 IL App (1st) 111419, ¶ 35. The jurisdictional statute allowing for proceedings to be initiated under the Juvenile Court Act is not ambiguous. The statute permits proceedings to be instituted in the juvenile court for any violation or attempted violation, "regardless of where the act occurred, [of] any federal, State, county or municipal law or ordinance." 705 ILCS 405/5-120 (West 2020). Unlike a criminal offense, the jurisdictional statute within the Juvenile Court Act allows for a broad array of proceedings as long as there is a violation of a federal, state, county, or municipal ordinance without regard to where the offense occurred. We agree with the State that to maintain that the juvenile court's jurisdiction is strictly limited to violations of Illinois criminal laws would be contrary to the statute's plain language and would require this court to disregard the statute's reference to *any* violations of the law, wherever they may occur, including those laws of other states, counties, municipalities, or federal law.

¶ 14    The respondent's argument that the statute was intended to limit juvenile court jurisdiction to only offenses committed in Illinois is belied by the statute's inclusion of federal offenses. Generally, the State of Illinois could not prosecute a criminal defendant for a federal crime. See *People v. Archie*, 1 Ill. App. 3d 981, 984 (1971); 720 ILCS 5/1-5 (West 2020). However, the Juvenile Court Act specifically prescribes prosecution in juvenile court for a violation of any federal law, regardless of where the act occurred. 705 ILCS 405/5-120 (West 2020).

¶ 15    The State correctly notes that the Juvenile Court Act defines a delinquent minor with language that mirrors the exclusive jurisdiction law in the Juvenile Court Act, as "any minor who

prior to his or her 18th birthday has violated or attempted to violate, regardless of where the act occurred, any federal, State, county or municipal law or ordinance." *Id.* § 5-105(3). Delinquency is not a crime codified under our criminal laws. Rather, it is the commission of an otherwise unlawful act by one under 17 years of age that triggers the application of the Juvenile Court Act. See *In re Greene*, 76 Ill. 2d 204, 212 (1979) (discussing a prior version of the statute that applied the Juvenile Court Act to minors under 17 years of age). The appellate court examined section 5-120 in *In re H.G.*, 322 Ill. App. 3d 727, 734 (2001), where the respondent disputed jurisdiction. Dismissing both parties' arguments that relied on the Criminal Code of 1961 (720 ILCS 5/1-1 *et seq.* (West 1998)), the *H.G.* court noted that the jurisdictional issue was governed by section 5-120 of the Juvenile Court Act. *H.G.*, 322 Ill. App. 3d at 735. The court contrasted section 5-120 of the Juvenile Court Act with section 1-5 of the Criminal Code of 1961 (720 ILCS 5/1-5 (West 1998)). The *H.G.* court noted that unlike section 1-5 of the Criminal Code of 1961, which requires the State to prove the offense occurred in Illinois, section 5-120 of the Juvenile Court Act states that jurisdiction is proper "regardless of where the act occurred." (Emphasis and internal quotation marks omitted.) *H.G.*, 322 Ill. App. 3d at 735-36. The *H.G.* court held that "[a] review of section 5-120 establishes that the legislature, by inserting the language, '*regardless of where the act occurred*,' has specifically excluded a requirement to prove the location of the offense." (Emphasis in original.) *Id.* Thus, the State was not required to provide evidence of the location of the offense in order to establish jurisdiction. *Id.* While the court ultimately found that the minor had submitted to the jurisdiction of the court and thus waived any challenge to the court's jurisdiction, we find *H.G.*'s analysis of the jurisdictional requirements of the Juvenile Court Act to be persuasive in the present case.

7

¶ 16 The respondent argues, and we agree, that the Juvenile Court Act states that "minors shall have all the procedural rights of adults in criminal proceedings, unless specifically precluded by laws that enhance the protection of such minors." 705 ILCS 405/5-101(3) (West 2020). However, it is also a rule of statutory interpretation that a statute directed at a specific subject matter trumps a general provision. See *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 459 (2002) ("It is also a fundamental rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both relating to the same subject, the specific provision controls and should be applied."). The Juvenile Court Act defines jurisdiction separately and differently from the jurisdiction definition in the Criminal Code of 2012. While the respondent urges us to apply the requirements of section 1-5 of the Criminal Code of 2012 to delinquency proceedings, in light of section 5-120 of the Juvenile Court Act, we reject respondent's position.

¶ 17 Juvenile proceedings are "distinct and different from a criminal prosecution" because juveniles are not adjudicated criminals, nor do they suffer the same consequences as convicted adults. *People v. Woodruff*, 88 Ill. 2d 10, 18-19 (1981). The Juvenile Court Act provides that its purpose is to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system that will protect the community, impose accountability for violations of the law, and equip juvenile offenders with competencies to live responsibly and productively. See 705 ILCS 405/1-2(1) (West 2020). The legislature, in recognizing the State's *parens patriae* role in juvenile matters, could reasonably broaden the scope of juvenile jurisdiction without fear of such designation being purely arbitrary. *In re Omar F.*, 2017 IL App (1st) 171073, ¶ 62. The Juvenile Court Act conveys upon the circuit court the broad authority to exercise judicial power over the violations listed in the statutes so as to bring a juvenile under the guardianship of the State of

8

Illinois. Proceedings under the Juvenile Court Act are not criminal prosecutions, notwithstanding the provision of rights to juveniles similar to criminal prosecutions and overlapping terminology. *In re Jonathon C.B.*, 2011 IL 107750, ¶¶ 93-95. The goal of juvenile adjudication is not punitive but focused on rehabilitation and correction. *Id.* ¶ 94.

¶ 18    The respondent further argues that the capitalized word "State" in the statute refers to the State of Illinois, not all 50 states of the United States of America. We find that the language of the statute is unambiguous, regardless of the capitalization of the word "State" in the statute. Additionally, we agree with the State that the respondent presents no explanation regarding why the legislature would concurrently limit juvenile jurisdiction to only violations of Illinois law yet permit jurisdiction for any and all violations of federal, county, or municipal law.

¶ 19    While we agree with the respondent that capitalization can change the meaning in some contexts, the respondent argues that it is clear in the usage of the capitalized "State" in both the Criminal Code of 2012 and the Juvenile Court Act that "State" means the State of Illinois. As an example, the respondent points to section 1-5(a) of the Criminal Code of 2012, which reads, "A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State ***." 720 ILCS 5/1-5(a) (West 2020). However, in the respondent's example the legislature included a limitation, "this State." If the legislature intended "State" to mean only the State of Illinois in section 5-120 of the Juvenile Court Act, the language "this State" as used in section 1-5(a) of the Code would have limited jurisdiction to this state. The respondent then looks to section 5-715(5.5) of the Juvenile Court Act to show that the legislature used a lowercase "s" when referring to another state in the sentence, "If the transfer case originated in another state ***." 705 ILCS 405/5-715(5.5) (West 2020). However, there is again a qualifier before state of "another."

9

¶ 20    The Juvenile Court Act broadens juvenile court jurisdiction to include a violation or attempted violation, "regardless of where the act occurred, [of] any federal, State, county or municipal law or ordinance." *Id.* § 5-120. The language provided by the respondent to refer to the State of Illinois with "State" clearly includes "this" before it to denote the legislature is discussing the State of Illinois. The respondent points to no grammar, style, or principle of bill drafting to show that capitalization of "State" always indicates the State of Illinois. This court does not find any evidence that capitalization of the word "State," with no qualifying language such as "this" or "State of Illinois," means only the State of Illinois, especially where, in the same Act, the legislature has used "this State" to indicate the State of Illinois.

¶ 21    A statute should not be read to include words or language not otherwise expressed. *Manago v. County of Cook*, 2017 IL 121078, ¶ 10. That the word "State" is capitalized has no significance here except as a scrivener's device unless the statute's plainly expansive reach and inclusion of any federal law is to be ignored.

¶ 22    We find the plain language of section 5-120 of the Juvenile Court Act, when given its plain and ordinary meaning, is clear and unambiguous. When the language of the statute is clear, it must be applied as written without resort to aids or tools of interpretation. *Id.* This court cannot read into the plain statutory language exceptions, limitations, or conditions that the legislature did not express. *Youngblood*, 365 Ill. App. 3d at 211. In sum, the plain language of section 5-120 must apply here, and the court erred as a matter of law in dismissing the charge of aggravated vehicular hijacking.

¶ 23                              III. CONCLUSION

¶ 24    For the foregoing reasons, we reverse the judgment of the St. Clair County circuit court and remand the cause for further proceedings consistent with this opinion.

10

¶ 25    Reversed and remanded.

**No. 5-21-0029**

| | |
|---|---|
| **Cite as:** | *In re Kelan W.*, 2021 IL App (5th) 210029 |
| **Decision Under Review:** | Appeal from the Circuit Court of St. Clair County, No. 20-JD-192; the Hon. William G. Clay IV, Judge, presiding. |
| **Attorneys for Appellant:** | James A. Gomric, State's Attorney, of Belleville (Patrick Delfino and Patrick D. Daly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Ellen J. Curry, and Eun Sun Nam, of State Appellate Defender's Office, of Mt. Vernon, for appellee. |